WILLIAM H. VASSER *vs.* GEORGE W. VASSER et al.

It is a settled principle, that a deed absolute on its face may be valid and effectual as a mortgage if it were intended by the parties to it to operate as a security for the re-payment of money, but such an intention must be clearly made to appear : *held*, the intention may be proven by a written instrument or a parol agreement.

In this case there was no written defeasance which clearly manifested the intention of the parties : *held*, that the character in which the transaction is to be regarded must depend upon the parol evidence in the case.

The instrument of writing executed between the parties is an independent engagement, entirely distinct from the purchase and sale of the negroes.

As an independent agreement, there was no sufficient consideration expressed in the instrument of writing to entitle the plaintiff in error to redeem the property, but on the contrary, the agreement of defendant to permit plaintiff to redeem, upon the payment of the purchase-money, was merely voluntary : *held*, to render a contract for the purchase and sale of property (as in this case) obligatory, it is essential that there should be a consideration of value paid to the party against whom it is to be enforced.

In cases where such contracts have been executed, chancery, as between the parties, will not interfere to set them aside when they have been fairly entered into : *held*, that chancery will not decree a specific performance of a mere voluntary covenant, or an agreement without consideration, such as the contract before us.

ON appeal from the northern district chancery court at Fulton ; Hon. Henry Dickinson, vice-chancellor.

The facts of the case are sufficiently stated in the opinion of the court.

*John Goodwin,* for plaintiff in error.

The particular words used in an instrument are unimportant, for where a conveyance, assignment, or other instrument

Vasser *v.* Vasser et al.

transferring an estate, is intended as a security for a debt or for any other incumbrance, whether the intention appear from the same instrument or from any other, it is always considered in equity a mortgage. 2 Story's Eq. § 111–118; 4 Kent, Com. 142; 2 Fonbl. Eq. B. ch. 1; Ala. Lett. 204; *Cartelyou* v. *Lansing*, 2 Caines' Cas. 209; *Dixon* v. *Parker*, 2 Ves. 225; *Hunt* v. *Rousmaniere*, 1 Peters, Sup. Ct. R. 1; *Lord Irnham* v. *Child*, 1 Bro. C. C. 92; *Hughes* v. *Edwards*, 9 Wheat. 489; 6 Humph. 99.

The absence of any bond or covenant to pay the money, will not make the instrument any the less effectual as a mortgage. 4 Kent, 145; 1 Ch. Prec. 464; *Barns* v. *Holcomb*, 12 S. & M. 304.

A voluntary conveyance is good, both in law and equity against the party himself. Tr. of Eq. b. 1, ch. 5, § 2. A deed absolute upon its face, may be converted into a mortgage by a subsequent defeasance. 10 S. & M. 297; 2 John. Ch. R. 182; 2 Pow. on Mort. 321, and note.

*Davis & Lindsey,* on the same side.

*Potter,* for defendant in error, contended that there was no evidence to show a mortgage, as contended by complainant; for at the original sale the complainant executed a bill of sale with warranty. The writing, as signed by defendant, is not a defeasance, and the proof does not show it was executed for that purpose, but as a mere gratuity.

The bill itself does not claim for complainant that this was a mortgage, but merely asserts the fact of a sale with the right of re-purchase, and nothing else. The sale was certainly valid, and the decision of the vice-chancellor correct.

*J. W. Goode,* on the same side, filed an elaborate brief.

Mr. Chief Justice SMITH delivered the opinion of the court.

This bill was filed in the vice-chancery court for the northern district, to compel Elijah H. Vasser to deliver to complainant certain slaves, which were alleged to have been conditionally sold by him to defendant.

The slaves in controversy were conveyed to defendant by a bill of sale, which purported to be an absolute transfer of the property. It is, however, alleged, that the sale was not absolute, but that it was intended by the parties as a mortgage to secure the re-payment of money, advanced by defendant for the benefit of complainant, to Giles McCraw & Co.

Whether the conveyance is to be considered an absolute sale, or to be established as a mortgage, is the first and principal question in the case.

It is well settled, that a deed absolute on its face may be valid and effectual as a mortgage, if it were intended by the parties to it to operate as a security for the re-payment of money. 4 Kent, Com. 141, 142; 12 S. & M. 306; 13 Ib. 440. Such intention must be made clearly to appear; but it may be proven by a written instrument or a parol agreement.

In the case at bar there was no written defeasance or memorandum, which manifested the intention of the parties. Hence the character in which the transaction is to be regarded, must depend upon the parol evidence in the case.

Without going into a minute examination of this evidence, it is sufficient to remark, that the allegations of the bill, in which it is averred that the sale was conditional, and made in execution of an agreement that the defendant was to have the privilege afterwards of redeeming the negroes upon re-payment of the money advanced by the defendant, is denied in the answer, and clearly disproved by the testimony of witnesses who were well acquainted with the transaction. The evidence which refers directly to the purchase and sale, furnishes no pretence for saying that the conveyance of the negroes was intended, at the time, to secure the re-payment of the money advanced for complainant to McCraw & Co. by defendant.

But it is contended, that the instrument made by defendant, of the date of the 3d of December, 1844, is conclusive evidence, as an admission of such intention, and consequently fixes the character of the bill of sale.

There are at least three good reasons why we should not assent to this position. 1. It is not alleged in the bill, that the instrument was made in execution of any agreement existing

at the date of the bill of sale. 2. The instrument does not profess to be an explanation of the intention of the parties in the original transaction; nor does it appear upon its face to have been made in pursuance of an agreement or understanding between the parties, at the time of sale and purchase of the negroes. 3. There is no proof that it was executed in pursuance of such agreement; but appears to have been a distinct and independent engagement on the part of defendant.

It is further contended, that if the instrument above referred to should be held not to be evidence sufficient to warrant this court in holding the bill of sale to be a mortgage, it is nevertheless valid as an independent agreement; by the terms of which the complainant was entitled to re-purchase the said negroes, upon re-payment of the price originally given for them by defendant.

This paper or instrument is in the following words, to wit: "3d December, 1844. Upon a settlement of accounts with William H. Vasser, this day, I find a balance due him of the sum of $375.39, which I pay him in money, or give him the privilege of taking back any of the negroes I purchased of him, at the price I gave for them, which was, Ellick $300, Aggy $400, Mary $400, Malvina $400, Yewell $300, Housen $300, James $200. Given under my hand, the date above written. And further, he has the privilege of redeeming any of them at cost and interest."

This instrument was executed in the state of Alabama, the sale and conveyance of the negroes having been made in the state of Virginia, on the 12th of the preceding October. We have seen that this instrument was an independent engagement, entirely distinct from the purchase and sale. Regarding it in this light, the question is, Whether it is a new voluntary contract, or one which is supported by a consideration sufficient to warrant a decree for a specific performance.

Two distinct stipulations are contained in the instrument. 1. The amount ascertained to be due is to be paid to complainant in money; if not, he is to have the right to take back any of the negroes, at the price paid by defendant. 2. The

Vasser *v.* Vasser et al.

complainant is to have the privilege of redeeming any of them, upon re-payment of the purchase-money, with interest and costs. In regard to the rights and liabilities of the parties arising upon the first stipulation, there is no contest. A sufficient consideration is expressed in the writing. But in regard to the agreement of defendant to permit the complainant to redeem, there is no consideration expressed, and none of a valuable character proved to have been paid by complainant. It is shown, on the contrary, by the admissions of complainant, that the agreement of defendant to permit him to redeem the negroes, upon payment of the purchase-money, was purely voluntary. To render a contract for the purchase and sale of property (such as the agreèment under examination) obligatory, it is essential that there should be a consideration of value paid to the party against whom it is to be enforced. A consideration founded upon blood, or natural love and affection, will not be sufficient. In cases where such contracts have been executed, chancery, as between the parties, will not interpose to set them aside, where they have been fairly entered into. 1 Mad. Ch. 411. But it is now well settled, that chancery will not decree a specific performance of a mere voluntary covenant, or an agreement without consideration, such as is the contract before us. *Peacock* v. *Monk,* 1 Mad. Ch. 413; 1 Vesey, Sen. 133; *Underwood* v. *Hithock,* Ib. 280; *Minturn* v. *Seymour,* 4 John. Ch. R. 500; *Bland* v. *Cord,* 2 Hen. & Gill, R. 100.

Having thus reviewed the objections urged to the decree of the vice-chancellor, and finding them unsustained, we affirm it.