BENJAMIN R. JONES v. MOSES M'DOUGAL.

STATUTE OF FRAUDS: TRUSTS IN LAND BY PAROL.—A parol agreement between
the vendee of land, who holds a title bond, and a third person, by which the
latter advanced the purchase-money and took a deed to the land in his own
name, as security for the loan, is valid, and the trust thereby created in favor
of the vendee in the title bond, will be enforced in a court of equity upon an
offer by the vendee to pay the advance, and a refusal of the lender to convey
the land according to the terms of the agreement.

APPEAL from the District Chancery Court at Fulton. Hon.
James F. Trotter, vice-chancellor.

The chancellor, in this case, decreed in favor of the complain-
ant, requiring Jones to convey the land to him, upon his being
paid the money advanced and the interest, and Jones appealed.

*R. Davis,* for appellant, insisted that the agreement was void by
the Statute of Frauds.

*W. F. Dowd,* for appellee,
Cited *Runnells* v. *Jackson,* 1 How. 358; *Evans* v. *Green,* 1
Cush. 294, to show that the agreement was not within the Statute of
Frauds, and created a trust in appellee, which equity would en-
force.

FISHER, J., delivered the opinion of the court.
This is an appeal from a decree of a Vice-Chancery Court,
holden at Fulton.

The bill alleges that the complainant, about the year 1846, pur-
chased of Henry Craft, as agent of David Hook, a certain tract of
land. That the complainant gave his notes to secure the purchase-
money, and took from Craft a bond for title; that fearing that he
would not be able to make his payments at the time stipulated, he
entered into an arrangement with the defendant, Jones, by which
he, Jones, was to pay off the notes, receive a deed from Craft, and
then to execute a title-bond to the complainant, by which he, the

defendant, was to convey the land upon the payment of the money and interest, advanced by Jones. The contract may be regarded as substantially proved, as averred in the bill.

It is manifest from the whole case, that a sale of the land by the complainant to Jones, was not contemplated by either party, but that the title was merely vested in Jones as a security. The Statute of Frauds has reference alone to contracts for the sale of land, and does not embrace cases of trust and confidence like the present. It cannot be contended that the trust was not one which a court of equity, if not restrained by some positive provision of statutory law, would enforce. The party could not in conscience retain the legal title under the agreement between the parties. The question, in such case, is not whether a court of equity, under general principles, can entertain jurisdiction, but whether the court has been circumscribed, by a provision of the statute, operating either upon the contract itself or upon the jurisdiction of the court.

Decree affirmed.