# Hodges, Adm'r., &c. v. Verner, Adm'r., &c.

*Bill in Equity to Enforce Parol Trust in Land.*

1. *Jurisdiction of equity to enforce parol trust in lands; statute of frauds.*—Where one person advances money to another by way of a

[Hodges, Adm'r, &c. v. Verner, Adm'r, &c.]

loan, through a payment to a third person, for land which the borrower has purchased or is purchasing, and, to secure the loan, the lender takes the title of the land to himself with the agreement and understanding between him and the real purchaser that he will reconvey to the latter on repayment of the money advanced, equity will declare the holder of the title a trustee thereof for the purchaser, and compel him to discharge the trust, by the reconveyance stipulated for, upon the repayment to him of the money to secure which the title was vested in him, notwithstanding the contract which they have made to that end rests entirely in parol.

2. *Demurrer to amended bill.*—A demurrer will not lie to the amendment of a bill, but only to the bill as amended—the amendment need not, independently of the original bill, show title to relief, but must be considered in connection with the facts set forth in the original bill.

3. *Tender; offer to do equity.*—A bill to enforce conveyance from one who has taken title to land as security for money advanced for the final payment of the purchase-money, is in the nature of a bill to redeem from a mortgage, and need not allege tender before the filing of the bill but merely a readiness and willingness to pay whatever may be necessary to be paid as a condition to relief.

APPEAL from the Chancery Court of Tuscaloosa.
Heard before Hon. THOMAS COBBS.

J. J. MAYFIELD and M. A. MASON, for the appellant.

WM. COCHRANE FITTS, for the appellee.

McCLELLAN, J.—James A. Thompson, Sr. is complainant in this bill. The administrator, Hodges, and the heirs of Peter Thompson deceased are the respondents. The purpose of the bill is, in brief, to have the legal title to a certain tract of land divested out of said heirs and invested in the complainant. To this end its averments present the following case : In 1873 complainant purchased the land in question from one Palmer at the price of three thousand dollars, paying five hundred dollars in cash and agreeing to pay the balance in five equal annual installments with interest, and took Palmer's bond for title on payment in full. The vendor did not insist upon strict performance as to these deferred payments but was content "so long as the interest was promptly paid and the original debt gradually reduced." Upon his death, however, in 1885, his administrator, one Baker, "soon became diligent about making collection of the balance of the purchase-money. . . . and about closing the matter up, and upon a statement of the account in the fall of the year 1886 it was found that the amount remaining due and unpaid was approximately $850, but because of a certain misdescription and misunderstand-

ing by which said Palmer at the time of the sale had included more land than he had a right to convey, the sum of $500 was agreed to be fairly the amount remaining due and necessary to satisfy and extinguish both principal and interest." Complainant who is the father of said Peter Thompson, had taken possession of the land in 1873, made a home upon it and has continued to live there with a younger son and several daughters who are the brother and sisters respectively of said Peter. Complainant was unable to pay said balance of five hundred dollars. At this juncture, Peter, for the purpose of saving the place as a home for his father and sisters, agreed to pay off said balance of five hundred dollars, take the conveyance from Palmer's representatives and heirs to himself, allow complainant and his daughters to use and occupy the place as a home, and that upon complainants "repaying to him the amount of said last payment to be made and paid by said Peter Thompson, to-wit, the sum of five hundred dollars with the legal rate of interest from the date of said payment to Baker, together with all actual expenses in the matter, that upon such sum being so paid or tendered to him by his father, the complainant, at any time, he, said Peter Thompson, would make a conveyance vesting the same absolutely in him." This agreement was carried out except in respect of its stipulations for repayment to and conveyance by Peter. Peter Thompson paid the money ($500) to the representatives of Palmer, complainant surrendered his title bond to them, and they conveyed the land to Peter under and in consonance with the foregoing agreement and understanding of the parties. Complainant was unable to repay said sum of $500 with interest and expenses to said Peter in the life time of the latter, but had the necessary funds to that end at the time of filing this bill on December 12th, 1889, and the bill avers that complainant "is ready, able and willing to make payment of said amount and hereby makes proffer to promptly pay, or repay, the same, when by so doing a proper and sufficient conveyance can and will be made reconveying and vesting the title to said place and property in your complainant as the said Peter Thompson in his life time agreed should be done." By an amendment to the bill allowed on September 28th, 1891, it is averred that in the fall of 1889 complainant through his son and agent, Jno. S. Thompson, offered to pay the administrator of said Peter Thompson and make full satisfaction of the amount with interest due the estate of Peter Thompson deceased growing out of said above described land transaction."

The prayer of the bill is that upon final hearing a decree

[Hodges, Adm'r, &c. v. Verner, Adm'r, &c.]

be passed directing the register of the court, on the payment of said sum of $500 with the interest thereon and all expenses promptly and according to whatever order the court might see fit "to make, to make, execute and deliver to your complainant a deed and paper conveyance, vesting the title to the said premises in your complainant in fee simple;" and the bill also contains a general prayer for relief if complainant is mistaken as to the relief specially prayed.

Demurrers were interposed by Hodges, the administrator, as follows: 1st. The bill shows on its face that the agreement between complainant and Peter Thompson was not in writing signed by said Peter Thompson or his agent or attorney lawfully authorized thereto in writing, and said agreement was therefore void and of no effect and can not be enforced. 2d. The complainant does not offer to do equity as to this defendant by paying into court the money he claims to be due with interest. 3d. The bill does not show that complainant has made a tender to this defendant, or any one authorized to receive the money, of the amount he claimed to be due to the estate of Peter Thompson, deceased. 4th. That the facts set up in the bill as amended fail to show that said lands are or were charged with any equity in favor of complainant. 5th. That the averment of tender intended to be made in the amended bill is insufficient. The chancellor overruled these demurrers severally and from his decree in that behalf this appeal is prosecuted.

The case made by the bill on its abstract merits is clearly within a well established principle of equity jurisprudence often recognized and declared by this court. It is this: Where one person advances money to another by way of a loan through a payment to a third person for land which the borrower has purchased, or is purchasing, and to secure the loan the lender takes the title of the land to himself, with the agreement and understanding between him and the real purchaser that he will reconvey to the latter on repayment of the money advanced, equity will declare the holder of the title a trustee thereof for the purchaser and compel him to discharge the trust by the reconveyance stipulated for upon the repayment to him of the money to secure which the title was vested in him. And such case is not within the statute of frauds, but the equities of the parties will be worked out and effectuated though the contract which they have made to the end in view rests entirely in parol.—*Bates et al. v. Kelley*, 80 Ala. 142; *Olds v. Marshall*, 93 Ala. 138; *Jordan et al. v. Garner et al.* (MSS.)

On the averments to which we have adverted Peter
Thompson loaned to the complainant the sum ($500) neces-
sary to make the final payment for the land in question, by
agreement paying it to Baker for the complainant, and taking
a conveyance to himself to secure its repayment upon the
further agreement to reconvey to complainant whenever such
repayment should be made.   The bill is clearly not open to
the objection taken to it by the first assignment of demurrer;
the statute of . frauds has no application to the case it
presents.

The fifth assignment of demurrer is bad for its generality,
and also in that it is addressed solely to the *amendment* to
the bill allowed in September, 1891, instead of being directed
against the *bill as amended.*   It is immaterial that the facts
set up in said amendment do not show that the lands are
subject to the trust sought to be enforced, so long as those
facts  considered along with the facts alleged in the original
bill, do make a case for the relief sought.

This is in the nature of a bill to redeem from a mortgage.
The legal title in the heirs of Peter Thompson was for the
purpose of securing the payment of the loan made by their
ancestor to complainant with interest and expenses, and
they, therefore, bear the attitude of mortgagees to this prop-
erty and to the complainant.   So far as an offer to pay, or a
tender, or an offer to do equity is concerned, the complainant
is on the footing of a mortgagor praying redemption.   In
bills to that end, it is not necessary to relief that a tender of
the sum due should be made before bill filed.   It is enough
if the complainant by his bill submit himself to the orders
of the court and offer to pay whatever may be due the mort-
gagee, whether principal, interest or secured expenses as a
condition to the relief he prays.   The present bill is clearly
sufficient in this respect; and the assignments of demurrer
which proceeded on a contrary view were well overruled.
2 Jones on Mortgages, § 1095; *Perry v. Carr,* 41 N. H. 371;
*Morrin v. Prentice,* 49 Howd. N. Y. Pr. 385; *Security Loan
Association v. Lake,* 69 Ala. 456; *Rogers v. Torbut,* 58 Ala.
523; See also *McCalley v. Otey,* 99 Ala. 584.

The record discloses no error and the decree of the chan-
cellor is
Affirmed.