JACOBUS D. FULTZ ET AL. *v.* SOPHIA PETERSON. ET AL.

1. STATUTE OF FRAUDS. *Trusts. Absolute deed. Mortgage. Code* 1892, ? 4230. *Parol evidence.*

   A deed absolute in form may be shown by parol evidence to be in reality a mortgage to secure a part of the purchase money advanced by the grantee therein, on an agreement with the purchaser, in possession of the land, to convey to him on payment of the sum so advanced, § 4230, code 1892, requiring declarations of trust to be in writing, having no application in such case. *Runnels* v. *Jackson*, 1 How. (Miss.), 358; *Klein* v. *McNamara*, 54 Miss., 90.

2. SAME. *Code* 1892, ? 4233.

   Section 4233, code 1892, excluding parol evidence to show that an absolute deed was intended to be a mortgage, has no application where the debtor was in possession of the mortgaged property when the deed was executed, and remained in possession.

FROM the chancery court of Warren county.

HON. WILLIAM C. MARTIN, Chancellor.

Sophia Peterson and others, appellees, were the complainants in the court below; Fultz and Purnell, appellants, were defendants there.

The controversy grew out of this state of facts: A Mrs. Thompson and another formerly owned the land in controversy, it being situate on an island in the Mississippi river, known as Belk's island. They leased the same for a term of years to one A. Peterson, the ancestor of complainants. Peterson, the

tenant, being in possession of the land, about the time of the expiration of his lease, desired to own the same and negotiated a purchase thereof from Mrs. Thompson and her co-owner. He agreed to pay them $1,200, but, having only $200 with which to make payment, he applied to Guthrie & McMillan, a partnership, for a loan of $1,000, with which to pay the balance of the purchase money, and they loaned him that sum under an agreement that the title should be taken in their names as security for the loaned money. Peterson then consummated the purchase, paying his vendors the $1,200, of which he had borrowed, as aforesaid, $1,000, and took the deed, as he had agreed to do, in the name of Guthrie & McMillan. He was the real purchaser, and was at the time in the possession of the land, and he remained in possession a number of years thereafter, during which time he made various payments to Guthrie & McMillan on the loan, and they rendered him written statements showing that the payments received were on account of Belk's island land purchase, etc. The island was overflowed some years after Peterson's purchase, and he temporarily left it, but, soon after the water subsided, he placed a tenant on the land. Guthrie & McMillan caused this tenant to pay them rent, and sold the land to appellants, who had notice of all the facts. The appellees took possession. Complainant's ancestor, Peterson, having died intestate, they inherited his rights and began this suit, seeking to have the absolute deed executed by Mrs. Thompson and her co-owner to Guthrie & McMillan declared to be a mortgage, defendants adjudged trustees of the legal title for complainants' benefit, and for an accounting of payments and rents, so as to reedeem from the mortgage, etc.

The court below decreed in complainants' favor and referred the matter of the accounting to a master, who reported that the loaned money debt to Guthrie & McMillan, for which the deed from Mrs. Thompson and another was a mortgage, had been fully paid and that defendants were indebted to complainants on account of rents. The master's report was confirmed,

over exceptions of both parties, and the defendants were ordered to execute deed to complainants and pay them the sum due as found by the master. The defendants appealed to the supreme court.

*A. M. Lee*, for appellant.

1. Section 4230, of the code of 1892, precludes relief in the case made by the bill. Complainants set out just such an express parol trust and confidence in the land in controversy as is declared by the statute to be utterly void.

2. If the case be considered as one to convert a deed absolute in form into an equitable mortgage, the evidence in the case falls short of the measure of proof required for that purpose. It is everywhere admitted that the testimony in such cases must be clear and convincing. 6 Am. & Eng. Enc. L., 679, and note; *Jones* v. *Brittain*, 1 Woods (U. S.), 667.

3. Appellants were entitled to the protection of innocent purchasers for value. They had a right to rely on the possession of their grantors and the record title.

*Dabney & McCabe*, for appellees.

The court did not err in holding that the deed mentioned and described in the bill of complaint was designed and intended by all the parties thereto as a security for a loan, and that appellees had the right to a conveyance, the debt being paid. The case made by the facts here is expressly exempted from the provisions of § 4230, code 1892, and that section has no application to the case at bar. The last clause of the section reads as follows: "But where any trust shall arise or result, by implication of law, out of a conveyance of land, such trust or confidence shall be of the like force and effect the same would have been if this statute had not been passed."

We confidently assert that a trust did arise and did result by implication of law out of the conveyance from Mrs. Thompson and another to Guthrie & McMillan in favor of Peterson, on

the facts established in this case, and in this assertion we claim that we are borne out by the repeated decisions of the supreme court of our own state, and notably by the case of *Runnels v. Jackson*, 1 How. (Miss.), 358. *Evans v. Green*, 23 Miss., 294; *Thomas v. Thomas*, 62 Miss., 531; *Chiles v. Gallagher*, 67 Miss., 413; *Robinson v. Leflore*, 59 Miss., 148; *Hebron v. Kelly*, 75 Miss., 74; *Barton v. Magruder*, 69 Miss., 466.

It is clear that the complainant is not precluded from relief by the provisions of section 4230, cited by counsel for the appellants.

Prior to the enactment of said section of the code of 1892, a deed, or other writing, absolute on its face, might be proven at the instance of any of the parties thereto, by parol evidence, to be a mortgage only, but since the enactment of that section the right to prove such deed, or other writing, to be a mortgage only, has been very greatly curtailed, and now it can only be done in two cases, viz.: (1) where the vendor in the deed, or other writing, retains possession of the premises, and (2) where fraud in the procurement of the deed, or other writing, is the issue to be tried.

Peterson was in possession of the property at the time of this conveyance, which was made under his instructions, and being in possession at the time and remaining in possession thereafter, either in person or by tenant, § 4233 has no application whatever to the case, and does not preclude us from recovery on the mortgage aspect of the case.

CALHOON, J., delivered the opinion of the court.

The conclusion of the chancellor on the facts should not be disturbed in the main case, or on the report of the commissioner. We think the report of that officer shows nothing of which appellants can complain, but that they may congratulate themselves on the result. Code 1892, § 4230, cannot avail appellants. *Klein v. McNamara*, 54 Miss., 90; *Runnels v. Jackson*, 1 How. (Miss.), 358. Nor can code 1892, § 4233,

avail them, because in this case Peterson never parted with the possession of the land.    While he was not personally in possession, he was by his tenant, who was known to be such by all parties.    *Heirmann* v. *Stricklin*, 60 Miss., 234.

*Affirmed.*