## Lewis v. Williams, et al.

(Decided November 15, 1921.)

### Appeal from Leslie Circuit Court.

1.   Appeal and Error—Finding of Chancellor—Sufficiency of Evidence. —The finding of the chancellor on questions of fact will not be disturbed, where the evidence is conflicting and, upon a consideration of the whole case, the mind is left in doubt and the Court of Appeals cannot say with reasonable certainty that the chancellor erred in his conclusions.

2.   Mortgages—Deed as Mortgage—When and Against Whom Deed Will be Declared a Mortgage.—A deed absolute on its face, but in fact a mortgage, will be adjudged a mortgage as between the original parties and as against a subsequent purchaser with notice, but not against a purchaser for value without notice.

3.   Vendor and Purchaser—Deed as Mortgage—Bona Fide Purchaser —Notice—Possession by Grantor as Notice.—Where the grantor in a deed absolute on its face, but in fact a mortgage, continues in actual possession of the land and pays the taxes thereon, these

facts are sufficient to put a subsequent purchaser on inquiry and to charge him with notice of the mortgagor's rights.

CLEON K. CALVERT for appellant.

LEWIS & LEWIS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

William Lewis and J. M. Bicknell were law partners at Hyden. By deed dated February 29, 1896, Hardin Williams and wife, Martha, conveyed a tract of land located in Leslie county, and containing about 100 acres, to William Lewis and J. M. Bicknell. The consideration recited in the deed was "Two hundred to us in hand paid, and also legal services to us rendered, the receipt whereof is hereby acknowledged." On January 9, 1901, Hardin Williams and wife entered into a written contract with James M. Baker and William Lewis, whereby they rented the land and agreed to pay an annual rental of $25.00 a year so long as they occupied the premises. On February 22, 1904, J. M. Baker and wife, William Lewis and wife and Wilson Baker and wife conveyed the same land to C. Lewis in consideration of the sum of $225.00 cash. On February 2, 1913, J. M. Bicknell conveyed his interest in the land to C. Lewis.

In the year 1913, C. Lewis brought suit against Hardin Williams and wife to recover the land. In addition to denying plaintiff's title, defendants pleaded title in themselves by adverse possession and asked that their title be quieted. When the deed which they executed in 1896 was introduced in evidence, they pleaded in substance that the deed was intended as a mortgage for the purpose of securing Lewis and Bicknell in the payment of a fee if they succeeded in having Hardin Williams' pension reinstated at $50.00, with the further agreement that if they failed to do so, the mortgage was to be null and void, and that they were induced to sign the deed upon the fraudulent representation that it was a mortgage. By an amended answer and counterclaim they pleaded that C. Lewis had notice of the fraudulent representation. On final hearing the chancellor adjudged the deed to be a mortgage, and gave judgment in favor of the plaintiff for the sum of $200.00 with interest from February 29, 1896, and ordered the land sold for the purpose of satisfying the mortgage lien. Plaintiff appeals.

Hardin Williams was blind when the deed was executed and neither he nor his wife could read or write.

Williams says that he had agreed to give Lewis and Bicknell a mortgage on his land provided that they would get his pension reinstated at $50.00 a month. When they met at the mouth of Polls creek, there were present, besides him and his wife, William Lewis, J. M. Baker and Joe Shepherd. Baker and Lewis presented to him and his wife what they said was a mortgage on his land. He asked them to read it over, but they said they did not have time. Thereupon he and his wife executed what they supposed to be a mortgage. They did not ascertain that it was a deed until C. Lewis gave his deposition in the case and filed the deed. He further stated that he never rented the land from Lewis and Baker, and never authorized any one to sign his name to a rent contract. Mrs. Williams testified to the same effect. Joe Shepherd testified that he was present when the deed was executed, and that when Baker and Lewis came up, either Hardin or Martha asked them to read the writing. Baker and Lewis said that they did not have time to read it, but that it was a mortgage. Martha and Hardin then signed it. It further appears that Hardin Williams paid the taxes on the land for a great many years. On the other hand, William Lewis testified that, some time before the execution of the deed, Hardin Williams and wife had employed him and his partner to defend their son for violating the internal revenue law, and agreed to give them $100.00 for their services. To secure the payment of the fee Williams and wife executed a mortgage on the property. Some time later, he learned that D. K. Rawlings, who had a prior mortgage on the place, had brought suit and obtained a judgment. He and his partner made arrangements with his father and J. M. Baker to take up the Rawlings debt, interest and cost, and this sum, together with the prior debt, constituted the consideration for the deed. When the deed was executed, Hardin Williams and wife understood that it was a deed. There was no reason for taking a mortgage on the premises, as they already had a mortgage. When Williams and wife executed the lease contract, they understood that it was a lease. No one represented that the deed was a mortgage, and the deed was read to them. He had no recollection of Joseph Shepherd being present. J. M. Baker testified that he was present when the deed was executed and it was read over to the grantors. Neither he nor William Lewis represented that it was a mortgage. When the deed was ex-

ecuted, Lewis said that he would rent the land to the grantors, and they said as soon as they got able to pay for it, they wanted to buy it.

It is our rule not to disturb the finding of the chancellor on questions of fact where the evidence is conflicting and, upon a consideration of the whole case, the mind is left in doubt, and we cannot say with reasonable certainty that he erred in his conclusions, Weddington v. Weddington, 169 Ky. 339, 183 S. W. 897, and this rule is peculiarly applicable to the facts of this case.

But appellant insists that he is a purchaser for value without notice, and is therefore entitled to protection. The rule is that a deed, absolute on its face, but in fact a mortgage, will be adjudged a mortgage as between the original parties and as against a subsequent purchaser with notice, but not against a purchaser for value without notice. Brown v. Gaffney, 28 Ill. 149; Fultz v. Peterson, 78 Miss. 128; Bean v. Venable, 27 Ky. L. R. 987, 87 S. W. 262; Whittick v. Kane, 1 Paige 202. But it cannot be said that appellant purchased without notice. It is admitted that, after the execution of the instrument in question, the grantors never surrendered possession, but continued to occupy the land. It also appears that they paid the taxes on the land. Though there is high authority to the contrary it is the settled law of this and other states that when the grantor in a deed, absolute on its face, but in fact a mortgage, continues in possession and occupation of the land and pays the taxes on it, these facts are sufficient to put a subsequent purchaser on inquiry and to charge him with notice of the mortgagor's rights. Jennings v. Salmon, 30 Ky. L. R. 168, 98 S. W. 1026; Daubenspeck v. Platt, 22 Cal. 331; Wright v. Bates, 13 Vermont 341; New v. Wheaton, 24 Minn. 406; Bartling v. Brasuhn, 102 Ill. 441; Brooke v. Bordner, 125 Penn. 470, 17 Atl. 467.

Judgment affirmed.