ALLISON *et al. v.* BURNHAM.*

(Division A.    June 16, 1924.)

[100 So. 518.    No. 24187.]

1. MORTGAGES. *That absolute deed was intended as mortgage may be shown by parol.*

    That an absolute deed was intended to operate as a mortgage may be shown by parol.

2. LIMITATION OF ACTIONS. *Debtor's suit to reform deed to third party by creditor, to whom debtor had conveyed land by deed intended as mortgage, held not barred by limitations.*

    Where debtor conveyed land to creditor by absolute deed as security, the creditor to sell land or, if no sale was made, he was to have a one-fourth interest therein, debtor's suit to reform creditor's deed to third party purporting to convey more than a one-fourth interest and for partition of land between debtor and

third party was not barred by limitations because brought more than ten years after execution of deed to creditor; the right of action not having accrued until execution of deed to third party.

*Headnote 1. Mortgages, 27 Cyc, p: 1021; 2. Limitations of Actions, 25 Cyc, p. 966.

APPEAL from chancery court of Simpson county.
HON. T. P. DALE, Chancellor.

Suit by G. M. Burnham against Mrs. Mary G. Allison and others. From decree overruling demurrer to bill, defendants appeal. Affirmed and remanded.

*Bee King* and *R. N. Miller,* for appellants.

The bill of complaint was filed in the chancery court of Simpson county, at the November Term, 1923, against Mrs. Mary G. Allison and R. N. Miller, to enforce a trust on lands in a deed absolute on its face made by appellee Burnham in 1908—more than sixteen years ago— and to enforce what is charged in said bill to be a trust in favor of Burnham. Appellants filed a demurrer to this bill setting up statute of frauds and statute of limitations.

1.   The bill charges an express trust not in writing.
2.   The bill makes no charge that Miller acquired title to the lands by any sort of undue influence or fraud.

The statute was intended to protect a vendee from claims like this. An express trust in land, not in writing, is void absolutely. There is no implied trust charged in the bill. It is charged that the conveyance was made to Miller with an oral understanding or agreement that he, Miller, was to sell the lands, pay himself the fee and give the balance to Burnham.

If Burnham had anything coming to him out of the sale he is certainly guilty of laches in not demanding it of Miller. He does not deny that he knew all about the sale to Mrs. Allison when it was made, and he does not charge Miller was insolvent.

The honorable chancellor treated the case as if a charge of fraud or some sort of overreaching of Burnham by Miller had been made in the bill, and no single authority to sustain him, cited in his opinion, it is respectfully submitted, is applicable to the case. He quotes from 6 C. J. 689, et seq., stating the rule where fraud or undue influence is charged.

But in order to avoid such transaction you must charge the attorney with fraud or undue influence or some other betrayal of trust. Read 6 C. J., article 211, beginning at page 686 and notes; *Moore* v. *Crump,* 84 Miss. 620; *Clearman* v. *Cotton,* 66 Miss. 467; *Kirling* v. *Shaa,* 33 Cal. 425, 91 Am. Dec. 644; *Miazza* v. *Yerger,* 53 Miss. 135.

On the question of limitations, Miller, according to the bill, sold the lands in 1915, and any claim of Burnham on him for the proceeds is barred by limitations.

On the question of his claim Burnham must have proceeded within a reasonable time. He could not stand by and see Mrs. Allison pay her money eight years ago and make no objection without losing his right to hold her as trustee. See 6 C. J., par. 214, and notes.

By reason of the statute, section 3124 of Hemingway's Code, this case ought to be reversed promptly, demurrer sustained and the bill dismissed.

*J. P. & A. M. Edwards,* for appellee.

The demurrer, of course, admits each and every allegation of the bill. It is therefore admitted that she intended to buy and did buy only the interest of Miller in the land and that Miller intended to convey to her nothing more than such interest, etc., and in fact this was all that was conveyed by his deed to her regardless of the language used therein. She does not claim to be an innocent purchaser nor could she so claim, etc., yet it is contended by her counsel that under these circumstances she acquired a fee-simple title to the entire tract both as to Miller and Burnham, the mortgagor or co-

tenant with Miller, and this he contends is by virtue of the statute of limitations or by section 3124 of Hemingway's Code.

As to the defense invoked by the statute of limitations, we insist that this cannot be raised by demurrer, but by special plea only. *W. T. Raleigh Company* v. *Fortenberry,* 97 So. 722. No cause of action arose in favor of the appellee Burnham against Miller or any one else till June 21, 1915, the date of the so-called sale of the land by Miller to Mrs. Allison and which is within ten years of the date of the filing of the bill, being only about eight years from the date of the deed from Miller to Mrs. Allison.

It is urged that no fraud was charged in the bill against Miller, but as held by the learned chancellor the relation of attorney and client is alleged throughout the bill, and this shows that relation from which fraud may be inferred, or at least is sufficient allegation to warrant the admission of evidence of fraud. *Kershaw* v. *Merchants Bank,* 7 How. 386, 31 Cyc. 48; 21 R. L. C. 445; Fletcher's Pleading and Practice, 137, sec. 103; *Cameron* v. *Lewis,* 56 Miss. 76.

It is wholly unnecessary to allege fraud in any form. It is simply a case where the complainant is seeking to prove that a deed absolute upon its face or in form is only a mortgage, and such proof rests in parol. Our courts hold in each and every instance that this may be done, and that the statute of frauds in such case has no application. *Fultz* v. *Peterson,* 28 So. 829.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a decree overruling a demurrer to a bill to reform a deed and partite certain lands.

The pertinent charges in the bill, which are admitted to be true by the demurrer, are that the appellee Burnham employed one of the appellants, Mr. Miller, an attorney, to file suit for him to recover a tract of four hun-

dred acres of land valued at four thousand dollars, with the agreement that the attorney's fee for such services should be one thousand dollars, and to secure this fee appellee Burnham executed to Miller an absolute deed to the land, but with the agreement and understanding that the deed was to operate only as a mortgage, and that Miller should sell the land at some future time, at a price to be fixed by Burnham and Miller together; and it was also understood that in the event a sale was not made within a reasonable time, then Miller was to have a one-fourth undivided interest in the land.

No sale was made of the land by Miller during a period of about seven years. Miller then sold the land to Mrs. Allison, appellant, executing to her an absolute deed, but fully advising her that he (Miller) only owned a one-fourth interest in the land and that the intention in the deed was to convey to Mrs. Allison only the one-fourth undivided interest owned by Miller, and that in drafting the deed a mistake was made in conveying all the land instead of the one-fourth interest owned by Mr. Miller, and which was understood by the parties to be the only interest conveyed by him to Mrs. Allison.

This suit was then instituted about eight years after the date of the deed from Miller to Mrs. Allison, to correct and reform the deed and to partition the land between appellee Burnham and Mrs. Allison.

The appellants contend the lower court erred in overruling the demurrer to the bill, because the transaction between Burnham and Miller as charged in the bill amounted to an express trust not in writing and therefore void, and, second, that the claim of Burnham was barred by the statute of limitations.

We think the grounds urged by the appellants are unsound, for the reason that the bill charges the deed from Burnham to Miller was intended as a mortgage, which fact may be shown by parol testimony. *Fultz* v. *Peterson*, 78 Miss. 128, 28 So. 829.

And we do not think the ten-year statute of limitation bars the suit of Burnham, because the statute did not begin to run against his claim to the land until Miller executed the deed to Mrs. Allison, at which time Burnham's right of action accrued, and the present suit was started about eight years thereafter, which was within the ten-year period prescribed by the statute of limitation.

Therefore the judgment of the lower court is affirmed, the cause remanded, and the appellants allowed sixty days in which to plead further after the mandate reaches the lower court.

*Affirmed and remanded.*