## Mayes' Administrator v. Kirkwood et al.

(Decided May 22, 1934.)

GORDON & GORDON & MOORE for appellant.

WM. J. COX for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On October 4, 1926, Mrs. Manderville Mayes loaned to F. Grover Kirkwood the sum of $1,200, for which he executed and delivered to her his promissory note, dated October 5, 1926, and payable twelve months thereafter with 6 per cent. interest from date. On May 28, 1928, Manderville Mayes and the American Trust & Savings Bank, guardian of Manderville Mayes, and Manderville Mayes, by J. P. McLean, her next friend, brought suit against F. Grover Kirkwood and Mrs. C. J. (Artelia) Kirkwood to recover on the note. The petition alleged that Mrs. Mayes was adjudged incompetent by the Vanderburgh probate court sitting at Evansville in the state of Indiana on December 23, 1927, and that the American Savings Bank & Trust Company was appointed and qualified as her guardian, that the note was delivered by Mrs. Mayes to her sister, Mrs. C. J. Kirkwood, for safekeeping, and was either in the possession of Mrs. C. J. Kirkwood or was lost or destroyed, and that Mrs. C. J. Kirkwood had no right, title, or interest in the note. In her separate answer Mrs. C. J. Kirkwood denied all the allegations of the petition, and pleaded that she was the owner and holder of the note by virtue of a written assignment and indorsement thereon made by Mrs. Mayes on June 7, 1927. The allegations of the separate answer were denied by a reply in which it was also averred that Mrs. Mayes did not have sufficient mental power to know the quality and effect of her act, and that the assignment, if made, was without consideration and was obtained by fraud, duress, coven, deceit, and undue influence. The affirmative allegations of the reply were denied by appropriate pleading. On final hearing the chancellor upheld the assignment and dismissed the petition. After the rendition of the judgment, Mrs. Mayes died, and the cause was revived in the name of her administrator, who prosecutes this appeal.

On the question of non est factum, Mrs. C. J. Kirkwood testified that the assignment and signature of Mrs. Mayes were in her handwriting. In addition to this, two officers of a bank at which Mrs. Mayes had done business, and who also qualified as experts, testified to the same effect. On the other hand, two expert witnesses, after comparing the assignment and signature

with samples of the handwriting of Mrs. Mayes, and also of Mrs. C. J. Kirkwood, gave it as their opinion that the assignment and signature thereon were not written by Mrs. Mayes, but were in the handwriting of Mrs. Kirkwood.

The circumstances under which the assignment was made were these: Mrs. Kirkwood and Mrs. Mayes were sisters and the members of a large family. At the time of the assignment, Mrs. Kirkwood was 69 years of age and Mrs. Mayes 72 years of age. According to Mrs. Kirkwood, two of their brothers became helpless in their old age and were entirely dependent upon her. Some time ago Mrs. Mayes' son died, leaving a daughter, and Mrs. Mayes inherited from him real estate worth $12,-000 or $15,000 in the city of Evansville, Ind. Some time prior to the death of Mr. Mayes, Mrs. Mayes gave Mrs. Kirkwood a certificate of deposit for $1,500. Learning that Mr. Mayes objected to the gift, Mrs. Kirkwood returned the money. About 40 days prior to the assignment, Mr. Mayes committed suicide, and Mrs. Mayes was very much distressed over the death of her son and husband. Mrs. Kirkwood did not pay Mrs. Mayes any money for the note, but Mrs. Mayes told her that she had done more for her brothers than Mrs. Mayes had; that Mrs. Mayes had not done a thing; that Mrs. Kirkwood had cared for them and put them away all by herself; and that it was her duty to help Mrs. Kirkwood. We do not find in the record any competent evidence that Mrs. Mayes was ever adjudged of unsound mind by the Indiana courts, so the question must be determined by the evidence of those who testified on the subject. Mrs. Mayes' granddaughter does not appear to have taken any part in the case. On the one hand we have the testimony of several witnesses who knew Mrs. Mayes and had an opportunity to observe her conduct, to the effect that, although she appeared distressed by the death of her son and husband, they never detected anything wrong with her mind. In addition to this there are in the record several checks and other papers written by Mrs. Mayes showing that she was looking after her own affairs with considerable care. On the other hand, several witnesses deposed that Mrs. Mayes was weak mentally, and that after the transaction in question she had only the mind of a child and was unable to look after herself.

We are not inclined to the view that the burden was

452

on Mrs. Kirkwood to show that Mrs. Mayes was not the victim of fraud, undue influence, or other inequitable conduct. The case is not one where an old and infirm person, made a conveyance or transfer to a young robust person, who had her in his custody and control. Though Mrs. Mayes visited Mrs. Kirkwood occasionally and was at her home at the time of the assignment, she was not in her custody, nor was she under her control or dependent upon her in any way. Each was advanced in years, and Mrs. Mayes was only three years older than Mrs. Kirkwood. Therefore the situation of the parties, and the surrounding circumstances, were not such as to create the presumption of fraud or undue influence.

Viewing the evidence as a whole, we are not prepared to say that the chancellor erred in his finding of facts. The most that can be said is that the evidence raises a doubt as to the correctness of his conclusions, and where that is the case his findings of fact will not be disturbed. Lewis v. Williams, 192 Ky. 763, 234 S. W. 317.

Judgment affirmed.