Tanous *et al. v.* White *et al.*

(Division A. Oct. 9, 1939. Suggestion of Error Overruled Nov. 20, 1939.)

[191 So. 278. No. 33762.]

Chaney & Culkin, of Vicksburg, for appellants.

**Brunini & Brunini** and **William I. McKay,** all of Vicksburg, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellees, Garfield White and Jim Jenkins, filed their bill in the Chancery Court of Warren County against appellants. George Tanous and another whose interest is not necessary to be referred to, to require Tanous to

convey to them eighty-seven acres of land, the title to which they claim was held by him in trust for them and which, under the terms of the trust, he was then due to convey to them. They offered, with their bill, to pay the amount which would entitle them to a conveyance. The decree was in favor of appellees upon condition that they pay to appellant the balance due him on the purchase price of the land, $291, with accruing interest. From that decree, appellant appeals.

The chancellor, in his decree and opinion, made a part of the record, either expressly or necessarily found the following to be the material facts of the case, and the evidence justified such findings: Captain Punchard owned several tracts of land in the Delta portion of Warren County. One of the tracts was the eighty-seven acres involved in this case. He had this eighty-seven acres leased to appellees, two negro tenants, and had been so leased for several years. They were living on it as their homes. They had cleared and brought a good deal of it into cultivation. Captain Punchard decided to dispose of his land holdings, including the tract here involved. He was very anxious for appellees to purchase it and continue to use it as their homes. For reasons satisfactory to him, he preferred not to sell it on time but for cash. He stated, however, that he would sell it to appellees on time if they were unable to get someone else to finance the purchase. The price fixed was $600, which, the evidence showed, was very reasonable. Beside other business, appellant was a money lender. Appellees approached him to purchase the land for them. He agreed to do so on condition that the title should be conveyed to him to be held in trust during the time of the repayment of the purchase price by appellees. Accordingly, appellant paid Punchard the purchase price of $600 and Punchard conveyed the title to him by straight deed. The deed contained no recital that it was conveyed in trust to be treated as security for the purchase money, nor was there any other writing evidencing

the transaction. In other words, barring the deed, the whole matter rested in parol.

The question is whether, either Section 3343, Section 3348, or Section 3351 of the Code of 1930 (part of the Chapter on the Statute of Frauds), stand in the way of the relief asked for and granted appellees. The first section referred to requires all contracts for the sale of lands to be in writing, and the second requires all declarations and creations of trust in lands to be in writing, signed by the party declaring such trust, or by his last will in writing, ''or else they shall be utterly void.'' But, the last clause provides that such requirement shall have no application to implied trust. The last section provides that a conveyance of land absolute on its face, where the maker parts with possession, shall not be proved by parol to be a mortgage unless fraud is shown.

We are of opinion that the question must be answered in the negative, and we reach that conclusion upon consideration of the following authorities: Jones v. McDougal, 32 Miss. 179; Dooly v. Pinson et al., 145 Ala. 659, 39 So. 664; Prewett v. Dobbs, 13 S. & M. 431, 21 Miss. 431; Vasser v. Vasser, 1 Cush. 378, 23 Miss. 378; Littlewort v. Davis, 50 Miss. 403; Freeman v. Wilson, 51 Miss. 329; Blacketor v. Cartee, 172 Miss. 889, 161 So. 696; and Fultz v. Peterson, 78 Miss. 128, 28 So. 829.

In Jones v. McDougal, supra, the Court used this language:

''The bill alleges that the complainant, about the year 1846, purchased of Henry Craft, as agent of David Hook, a certain tract of land. That the complainant gave his notes to secure the purchase-money, and took from Craft a bond for title; that fearing that he would not be able to make his payments at the time stipulated, he entered into an arrangement with the defendant, Jones, by which he, Jones, was to pay off the notes, receive a deed from Craft, and then to execute a title-bond to the complainant, by which he, the defendant, was to convey the land upon the payment of the money and interest, advanced

by Jones. The contract may be regarded as substantially proved, as averred in the bill.

"It is manifest from the whole case, that a sale of the land by the complainant to Jones, was not contemplated by either party, but that the title was merely vested in Jones as a security. The Statute of Frauds has reference alone to contracts for the sale of land, and does not embrace cases of trust and confidence like the present. It cannot be contended that the trust was not one which a court of equity, if not restrained by some positive provision of statutory law, would enforce. The party could not in conscience retain the legal title under the agreement between the parties."

In Dooly v. Pinson, supra, the Court said in part [145 Ala. 659, 39 So. 667]: " 'Where one person advances money to another by way of a loan, through a payment to a third person for land which the borrower has purchased or is purchasing, and to secure the loan the lender takes the title of the land to himself, with the agreement and understanding between him and the real purchaser that he will reconvey to the latter on repayment of the money advanced, equity will declare the holder of the title a trustee therefor, for the purchaser, and compel him to discharge the trust by the reconveyance stipulated for upon the payment to him of the money to secure which the title was vested in him. And such case is not within the statute of frauds, but the equities will be worked out and effectuated, though the contract they have made to the end in view rests entirely in parol.' Hodges v. Verner, supra [100 Ala. 612, 13 So. 679]; Milner v. Stanford, 102 Ala. 277, 14 So. 644; Bates v. Kelly, 80 Ala. 142; Lehman v. Lewis, 62 Ala. 129; Boyd v. McLean, 1 Johns. Ch. 582; Perry on Trusts, sec. 133."

In the Fultz v. Peterson case, the facts pertinent in the present case were as follows (as stated in 78 Miss. 128): "A Mrs. Thompson and another formerly owned the land in controversy, it being situate on an island in the Missis-

sippi river, known as Belk's island. They leased the same for a term of years to one A. Peterson, the ancestor of complainants. Peterson, the tenant, being in possession of the land, about the time of the expiration of his lease, desired to own the same and negotiated a purchase thereof from Mrs. Thompson and her co-owner. He agreed to pay them $1,200, but, having only $200 with which to make payment, he applied to Guthrie & McMillan, a partnership, for a loan of $1,000, with which to pay the balance of the purchase money, and they loaned him that sum under an agreement that the title should be taken in their names as security for the loaned money. Peterson then consummated the purchase, paying his vendors the $1,200, of which he had borrowed, as aforesaid, $1,000, and took the deed, as he had agreed to do, in the name of Guthrie & McMillan. He was the real purchaser, and was at the time in the possession of the land, and he remained in possession a number of years thereafter, . . ." Paragraphs two and three of the syllabi of the opinion of the Court, as reported in 28 So. 829, correctly state what was held. They follow:

"2. Under Code, sec. 4230 [Sec. 3348, Code of 1930], making the creation of trusts in land void when not in writing, but providing that, where a trust arises by result of law, it shall be of like effect as if the statute had not been passed, a deed by the vendors of land to the lenders of the purchase money to the vendee, under a parol agreement to convey title upon payment of the loan, may be shown to be a mortgage, as against purchasers from the grantees, who will be held constructive trustees.

"3. Code, Sec. 4233 [Sec. 3351, Code of 1930], providing that a conveyance absolute on its face, where the maker parts with the possession of the property, shall not be proved to be a mortgage by parol except on the ground of fraud, does not apply to a deed made by vendors to the lenders of the purchase money to the vendee, under a parol agreement that it shall constitute a mort-

gage; the vendee remaining in possession, by himself or tenant, to the knowledge of all parties."

The undisputed facts were that appellees were in possession of the land as lessees of the vendor when the purchase money was paid and the conveyance executed. There could have been no lien, therefore, in favor of the vendor for its payment. The lien was in favor of appellant who had advanced the purchase money for appellees. He held the conveyance as security for the repayment of the purchase money.

In the other Mississippi cases referred to, the Court held in substance that a deed absolute on its face will be held to be a mortgage if it is intended to be a mere security for the payment of money, and this contention may be shown by parol. In other words, that the deed, though absolute on its face, may be shown by parol to be a mortgage. In their last analysis, the facts of this case mean that Captain Punchard sold the land to appellees for $600; that appellant lent them the $600 to pay for the land, but instead of putting the money in their hands, he put it directly in Punchard's hands, and, as security for the repayment of the purchase money, took the conveyance to himself. Suppose appellant had delivered the $600 to appellees as a loan to pay for the land and in turn they had delivered it to Punchard for that purpose. Undoubtedly, under the law, the deed would be a mere mortgage to secure the repayment of the money. We are unable to see any substantial difference between such a transaction and the one here involved. Here, appellant said in effect to appellees: "I will lend you the $600.00 to pay for the land, but will simply make the payment myself for you." We think the governing principles would be the same.

Affirmed.