**CARSON v. JOHNSON et al.**

Court of Appeals of Kentucky.

Dec. 19, 1952.

Leebern Allen, E. E. Bach, Campton, for appellant.

O. J. Cockrell, Jackson, for appellees.

MILLIKEN, Justice.

On September 13, 1946, the appellant, Hoover Carson, obtained a judgment for $1,500 against appellee John B. Johnson in a tort action in the Wolfe Circuit Court. Thereafter an execution was issued on the judgment but returned "no property found."

On March 20, 1947, the appellant instituted this suit in the nature of a bill of discovery under the provisions of Section 439 of the Civil Code of Practice, whereby he sought to subject to the satisfaction of his judgment a farm in Menifee County. The farm had been conveyed to appellee Laura Belle Johnson, wife of John B. Johnson, on August 14, 1946. Appellant's petition alleged that the husband had actually paid for the farm, but had fraudulently caused the deed to be executed to his wife for the purpose of defeating realization of the judgment. The answers filed put in issue the material averments of the petition and upon final hearing, after proof was taken by the respective parties, the chancellor dismissed the petition, from which judgment the appellant appeals.

The appellees were married in 1923 and have seven children, the three oldest being twenty-five, twenty-one and eighteen years of age, respectively. The husband has been a farmer most of his life, but has upon occasions worked in sawmills and coal mines. In 1941 there allegedly was a rift between him and his family over his "heavy drinking" and squandering of the family income on liquor. They patched up their differences with the understanding that he could continue to live with them if he would divide the profits of the farm with them. Under this arrangement one-third of the profits was to go to the husband, one-third to the wife, and one-third to the children.

Prior to 1942, the appellees had been tenant farmers, but in that year they purchased a farm in Wolfe County for $1,200, title being taken in the husband's name, with the wife and children allegedly contributing one-third of the purchase price. The wife testified that from 1941 to 1945 she bought and raised cattle, hogs and other stock which, along with the increase, she sold at various times and thereby accumulated money of her own. She said she worked in the fields every day and that she and the three oldest children helped plant, cultivate and strip the tobacco, which was the chief cash crop. During these years she saved a large portion of her and the children's share of the profits and she carried this money on her person in her girdle at all times.

After the Wolfe County farm was sold in October of 1945 (which was prior to the commission of the tort), Mrs. Johnson said she deposited all of her and the children's savings in a Paintsville bank under her name. The initial deposit was $3,000, but shortly thereafter she withdrew $500 for the support of the family. On August 14, 1946, she purchased the farm in Menifee County with the balance remaining in her account and secured a loan of $1,300 to complete the transaction.

██ Under the common law, the burden was upon the wife to show by clear and satisfactory evidence that the conveyance to her was for a valuable consideration and paid for with her separate property. However, since the passage of the "Weissinger Act of 1894" (which is now KRS 404.010, formerly Kentucky Statutes, Section 2127), the burden has been upon the creditor who seeks to subject land standing in the name of the wife to the debts of the husband. Owens v. Childress, 189 Ky. 676, 225 S.W. 487; Guthrie v. Hill, 138 Ky. 181, 127 S. W. 767. But the burden may still shift to the wife to rebut the inferences and prove the bona fides of a transaction where those circumstances denominated "badges of fraud" attend the conveyance, especially where the transaction is inter familia. Magic City Coal & Feed Company v. Lewis, 164 Ky. 454, 175 S.W. 992.

█ The purchase of the farm in Menifee County in the wife's name during the pendency of the tort action, whereas the property in Wolfe County had been in the husband's name, plus the insolvency of the husband thereafter, could properly be designated as "badges of fraud." But while "badges of fraud" cast the burden upon the transferee of land, they are not conclusive and may be overcome by evidence establishing the bona fides of the transaction. Linn v. Brown, 182 Ky. 166, 206 S.W. 287.

██ It is evident that the chancellor, in dismissing appellant's petition, believed that the appellees had proven the bona fides of the purchase of the Menifee farm and such a finding is supported by substantial evidence, as heretofore related. Where the chancellor's findings on questions of

fact are in accord with the weight of the evidence, or where, on a consideration of all the evidence, the mind is left in doubt as to the correctness of the judgment, it will not be disturbed. Green v. Davis, 253 Ky. 105, 58 S.W.2d 750; Lewis v. Williams, 192 Ky. 763, 234 S.W. 317.

The judgment of the trial court is affirmed.