WILLIAMS, et al. *v.* HENZE, et al.

Jan. 12, 1953

No. 38623 15 Adv. S. 7 62 So. 2d 212

</div>

*Albert S. Johnston,* for appellants.

*J. Boyce Holleman* and *W. L. Guice,* for appellees.

McGehee, C. J.

The defendants, and cross-appellants, Ed Williams and others, have appealed from a final decree dismissing their cross-bill and confirming the title of the appellees to certain real estate in the City of Biloxi. The appellees acquired their title through inheritance from W. H. Henze, the original complainant, who purchased the property from one Naif Jordan who had acquired the title through mesne conveyances from purchasers thereof at a tax sale. The validity of the assessment proceedings, on which the tax sale was made, together with the tax sales, are not challenged. The appellants based their claim to the property upon an alleged resulting trust in favor of their ancestor Walter Williams when Naif Jordan conveyed the property to W. H. Henze, the original claimant. The pleadings disclosed that the said W. H.

Henze purchased the property from Naif Jordan at and for a cash consideration of $275, and that valuable improvements, costing several thousand dollars, were later placed thereon by the said purchaser.

It is contended by the appellants that when W. H. Henze purchased the property from Naif Jordan, he purchased the same with the intention of later selling the same to the former owner, Walter Williams, and Jordan testified that "I executed the quitclaim deed to Mr. Henze for the consideration stated in the deed, and he said that he was buying this and was going to sell it to Walter Williams or work out something with Walter Williams." Jordan further testified that Walter Williams was present at the time he sold the property to Henze and that the grantee "said that he wanted to help Walter". "Q. Did he say how? A. No, sir, only that he was buying the property and was going to sell it to him, and I don't know any of the other details"; that Walter was working for Henze at the time and whether Henze meant to sell it to him "by the month, or day, or year, I don't know." "Q. With that understanding you conveyed it to Mr. Henze, and would you have conveyed it to him otherwise? A. He had to pay me for it, I was not conveying it without the money . . . Q. Did you know then that Mr. Henze was going to convey it back to Walter? A. I thought that, but I did not know it. As far as knowing, I did not know that."

Naif Jordan was the only witness who testified for the cross-complainants in the case. There is no proof in the record that Walter Williams obligated himself to pay Mr. Henze for a conveyance of the property or to buy it under any particular terms. And while it is alleged in the pleadings, and argued in the brief for the appellants, that Mr. Henze advanced the purchase price as a loan to Walter Williams, there is no testimony to that effect. Nor is there any proof that Walter Williams ever at any time thereafter offered to reimburse Mr.

Henze for the purchase price and demanded a deed. The appellants rely upon the case of Tanous, et al. v. White, et al., 186 Miss. 556, 191 So. 278, to establish a resulting trust under the facts hereinbefore stated in favor of the heirs of Walter Williams, deceased. In the Tanous case, he had taken the title to be thereafter transferred upon payment of the amounts advanced by him to purchase the land, and after taking title to the land, and after having been tendered the purchase price, Tanous refused to reconvey the land to White and others as agreed. That case is not applicable to the facts proven in the instant case.

In the case of Wax, et al. v. Pope, 175 Miss. 784, 168 So. 54, the facts here are somewhat similar to those in the instant case, and there this Court said: "In Bush v. Bush, 134 Miss. 523, 99 So. 151-2, this Court quoted with approval the rule announced in 3 Pomeroy's Equity Jurisprudence (3rd Ed.) sec. 1037, that █ in order to create a resulting trust by the purchase of land, under an oral agreement to hold the same for the benefit of another, 'it is absolutely indispensable that the payment should be actually made by the beneficiary or that an absolute obligation to pay should be incurred by him as a part of the original transaction of purchase at or before the time of the conveyance. █ No subsequent and entirely independent conduct, intervention or payment on his part would raise any resulting trust.' In that case the Court further announced the rule that 'the facts creating the trust must exist at the time of the conveyance; for it is the money which has gone to the vendor as an inducement to the conveyance that creates the equity called a resulting trust. After the title has been conveyed the application of the funds of another to pay the purchase money for the land creates no trust in favor of such other. The trust arises, if at all, at the time of the conveyance.' "

We do not therefore think that the facts shown in the instant case were sufficient to establish that Mr. Henze took the title to the property in question as a trustee. In the instant case, the only witness for the appellants, Naif Jordan, testified that he and he alone held the title to this property and negotiated the sale thereof to Mr. Henze, who paid the purchase price therefor. But upon a motion for a rehearing after the cross-complainants had failed to sustain the allegations of their cross-bill and the chancellor had so held, they alleged that Oscar Jordan was the owner of the title at the time of the sale to Mr. Henze and that the same had been taken from the tax purchasers merely in the name of his son, Naif Jordan, and that the said Oscar Jordán had handled the sale and would testify upon a rehearing that there was an oral agreement between himself and the grantee, W. H. Henze, and Walter Williams, that if Mr. Henze did lend the sum of $275 to Walter Williams, the said Oscar Jordan would have his son Naif to execute a quitclaim to the property involved in the case and that Mr. Henze agreed to, and did, lend said money to Walter Williams, and then and there stated to the said Oscar Jordan in the presence and hearing of the said Walter Williams that the deed should be made to Mr. Henze and that when Mr. Williams should repay the $275 Mr. Henze would make him a deed and would not charge interest on the $275 loan; that counsel for the cross-appellants did not know this fact until after the trial.

The chancellor was of the opinion that if this proof should be made on a rehearing that it should result in no different decree than that already rendered. Moreover, it would have resulted in the cross-complainants putting a witness on the stand to disprove the testimony of the only witness whom they had introduced at the trial.

We do not think that there was any abuse of the discretion of the chancellor in denying the motion for a rehearing or that this proof would have constituted any

defense to the suit to confirm the title in the Henze heirs since the alleged promise of Mr. Henze to convey the property to Walter Williams was on a condition which is not alleged to have been complied with, leaving out of consideration the question of the statute of frauds, and looking at the matter entirely from the standpoint of the alleged resulting trust—the theory upon which the case was tried and on which it is briefed here.

It is not contended that Walter Williams gave any money to Mr. Henze to buy the property and that he took the title in his own name, nor is it shown that Walter Williams ever thereafter made an offer to reimburse Mr. Henze for the purchase price paid by him to Naif Jordan, and the proposed proof does not disclose as to when or on what terms Walter Williams was to be permitted to subsequently acquire the title from Mr. Henze.

Moreover, the cross-bill seeks an accounting as to several thousand dollars of rents and profits alleged to have been collected by Mr. Henze as rental on the improvements made by him on the property, and fails to allege that Walter Williams ever tendered the purchase price to Mr. Henze prior to the making of said improvements by the latter or at any other time.

We are therefore of the opinion that the decree of the trial court in dismissing the cross-bill and confirming the title of the complainants to the property was correct, and that there was no reversible error committed in denying the petition for a rehearing of the cause.

Affirmed.

*Roberds, Kyle, Holmes* and *Ethridge, JJ.,* concur.