## H. A. THOMAS ET AL. v. W. D. THOMAS.

1. RESULTING TRUST. *Application of debt as a payment. Case in judgment.*

   D. and G. agreed to purchase a tract of land jointly, each to pay one-half of the purchase-money, but the title to be taken in the name of G., who should thereafter convey an undivided half interest in the land to D. G. was then indebted to D. for the price of a mule, in amount about equal to half of the purchase-money of the land, and it was agreed that G. should pay D.'s half of the purchase-money of the land in settlement of his indebtedness to D. for the price of the mule. The land was accordingly paid for and the title taken in the name of G., but he died without having conveyed any interest therein to D. *Held*, that G.'s payment of the price of the mule as D.'s half of the purchase-money of the land was, in effect, a payment by D., and in connection with the other facts stated created a resulting trust in favor of D. as to a half interest in the land.

2. SAME. *Based on facts. Unaffected by express trust.*

   Where the facts necessary to create a resulting trust exist such trust arises, though there be an unenforcible express parol trust to the same effect.

APPEAL from the Chancery Court of Attala County.

HON. R. W. WILLIAMSON, Chancellor.

The case is stated in the opinion of the court.

*Monroe McClurg*, for the appellants.

Where it was agreed verbally that one of three persons should buy in and hold for the others, and one bought and paid the purchase-money, it was held that there was no resulting trust. *Farnham* v. *Clements*, 51 Me. 426; *Sheldon* v. *Sheldon*, 3 Wis. 699; *Morey* v. *Herrick*, 18 Pa. St. 129; *Meason* v. *Kaine*, 63 Pa. St. 335.

And when one agrees to purchase land and give another an interest in it, and he does purchase and pays his own money and takes the title in his own name no trust will result. *Kisler* v. *Kisler*, 2 Watts 323; *Willard* v. *Willard*, 56 Pa. St. 119; *Loomis* v. *Loomis*, 6 Barb. 22; *Stover* v. *Flock*, 41 Barb. 162; *Thomer* v. *Thomer*, 18 Ind. 426; *Rogers* v. *Simmons*, 55 Ill.; *Haines* v. *O'Connor*, 1 Watts 313; *Blyholder* v. *Gilson*, 18 Pa. St. 134; *Smith* v. *Smith*, 27 Pa. St. 180; Adams Eq. (ed. 1873) § 33 and note 1.

The most that can possibly be made of the case at bar brings it

under this rule : " The trust must result, if at all, at the instant the deed is taken, and the legal title rests in the grantee. No oral agreements and no payments before or after the title is taken will create a resulting trust, unless the transaction is such *at the moment the title* passes that a trust will result *from the transaction itself.*" 1 Perry on Trusts, § 133 (3d ed.) ; *Fickett* v. *Durham,* 109 Mass. 422 ; *Rogers* v. *Murry,* 3 Paige 390 ; *Dudley* v. *Batchelder,* 53 Me. 403 ; *Pinnock* v. *Clough,* 16 Vt. 500; *Taliaferro* v. *Taliaferro,* 6 Ala. 404; *Bernard* v. *Jewett,* 97 Mass. 87; *Forsyth* v. *Clerk,* 3 Wend. 637 ; *Steere* v. *Steere,* 5 Johns. Ch. 1 ; *Jackson* v. *Moore,* 6 Cow. 706 ; *Page* v. *Page,* 8 N. H. 187 ; *Kelly* v. *Johnson,* 28 Mo. 249 ; *Willard* v. *Willard,* 56 Pa. St. 119 ; *Cutler* v. *Tuttle,* 19 N. J. Ch. 561 ; *Sheldon* v. *Harding,* 44 Ill. 68 ; *Davis* v. *Weatherill,* 11 Allen 19 ; *Miller* v. *Blose,* 30 Gratt. (Va.) 744 ; *Billings* v. *Clinton,* 6 Rich. (S. C.) 90 ; *Du Val* v. *Marshall,* 30 Ark. 235 ; *McClure* v. *Doak,* 6 Baxter (Tenn.) 364; Hill on Trustees, 4th Am. Ed. 147 and note.

*George Anderson,* for the appellee.

I suppose there can be no doubt about the facts as set forth in the bill making out a case of resulting trust in favor of appellee, for a resulting trust can be created either by implication or by parol. See *Anding* v. *Davis,* 9 Ga. 574; *Gladney* v. *Barton,* 51 Miss. 216 ; *Robinson* v. *Leflore,* 59 Miss. 148.

It is well settled that if money is paid by one party for land, either in whole or in part, and the deed is taken to another, that the one who pays the money has a resulting trust in the land as to the amount he has paid. See 13 S. &. M. 53 ; *Walker* v. *Brumgard,* 13 S. &. M. 723 ; *Gee* v. *Gee,* 3 Ga. 190 ; *Harvey* v. *Ledbetter,* 48 Miss. 95 ; *McCarroll* v. *Alexander,* 48 Miss. 128 ; *Runnells* v. *Jackson,* 1 H. 358 ; *Evans* v. *Green,* 1 C. 294 ; *Robinson* v. *Leflore,* 59 Miss. 148 ; *Miazza* v. *Yerger,* 53 Miss. 135 ; *Brooks* v. *Shelton,* 54 Miss. 353.

I think it is a conclusively established fact that the purchase-money was paid by appellee *before* the purchase of said land, hence we have established our resulting trust to the one-half of said land, and hence the case must be affirmed.

COOPER, J., delivered the opinion of the court.

This is a bill filed by the appellee against the appellants, who are the heirs-at-law of one W. G. Thomas, to establish a resulting trust in certain lands.   It appears that the land was owned by the State of Mississippi, having been acquired at a sale for taxes, and that the appellee and W. G. Thomas agreed to become the purchasers thereof, each paying one-half of the purchase-money, the title to be taken in the name of W. G. Thomas, who was to convey an undivided half interest in the land to the appellee.   A short time before the purchase the appellee sold to W. G. Thomas a mule, the price of which was within a few cents of the half of the purchase-money of the land, and at the time of the sale it was agreed that the price of the mule should be paid by W. G. Thomas for the appellee as his part of the purchase-money for the land. Soon after the land was purchased the appellee and W. G. Thomas began to convert the timber growing thereon into boards and shingles, each paying one-half of the expense and receiving one-half of the proceeds of sales.   W. G. Thomas recognized the right of appellee to one-half of the land and agreed to make him a conveyance, but neglected doing so and died holding the legal title to the whole.

The above facts are established by the decided preponderance of the evidence.

Viewed as an express contract between the parties, the same is incapable of being decreed to be specifically performed, because it was not evidenced by writing.   The single question is whether on the facts proved a trust resulted by operation of law in favor of the appellee.

It is well settled by authority that where, on the facts proved, a trust would result in the absence of an express agreement, the fact that such agreement was made will not prevent the trust from arising.

The test of the existence or non-existence of trusts of this character is the ownership of the consideration paid, coupled with the intention of the parties, and since trusts of this character are not within the statute of frauds, it is competent to make parol proof of

these facts.    Pomeroy's Equity Jurisprudence, § 1040; 1 Perry on. Trusts 153.

To the existence of a resulting trust it is necessary that in the transaction of purchase the money or credit of the beneficiary should be used, but a constructive payment by him is equally efficacious as one made by him in person.    Thus if the person who actually makes the payment of the money does so under an agreement to lend the amount to the other and pays it as the money of that other, taking title in himself as security for the money loaned, a trust arises in favor of the borrower.    *Robinson* v. *Leflore*, 59 Miss. 148; *Runnels* v. *Jackson*, 1 How. 358; 1 Perry on Trusts, § 133, note 3, and authorities there cited.

It was not necessary that W. G. Thomas should have handed the purchase-price of the mule to W. D. Thomas, and that it should have been then returned to him in order to make it the money of W. D. Thomas.    It was dealt with by the parties as his, and W. G. Thomas, in paying it as a part of the purchase-money of the land, paid it under the agreement, not as his own money but as that of W. D. Thomas.    It was, in fact, a payment by W. D., though made by the hand of W. G. Thomas.

Under such circumstances a trust arose and

*The decree is affirmed.*