CULPEPPER *v.* CHAIN.

(Division B.    October 27, 1947.)

[32 So. (2d) 266.    No. 36558.]

**W. W. Dent**, of Collins, for appellant.

**W. U. Corley,** of Collins, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Bill was filed by Chain to confirm title to certain lands alleged to have been purchased from Culpepper. Prayer for cancellation of subsequent deeds by Culpepper to third parties has been nullified by reconveyance by such grantees, and the action remained as a suit for confirmation as against Culpepper.

Complainant alleges that he "offered and agreed to pay the defendant Clarence Culpepper the sum of $650 for" the property. It is further alleged that Chain made a substantial cash payment for which Culpepper executed a receipt. It is stated that "a deed was to be executed therefor." No deed was ever in fact executed. Chain moved on the land and made some improvements.

The receipt referred to is in the following form: "March 20, 1943. Received from Z. D. Chain the sum of $400 as payment on the place on which he now lives. Clarence Culpepper." We are compelled to disagree with the learned chancellor's view that this was a sufficient memorandum under our Statute of Frauds, Code 1942, Section 264. The record is much enlarged by oral testimony to explain its meaning, thus exemplifying the very uncertainties which the statute was designed to preclude. The memorandum which should stand alone, falls for lack of that support which the statute denies to it. Its insufficiency is attested by its

need for extrinsic aid. Introduction of such testimony was objected to by defendant without avail.

The trial court decreed title in Chain upon payment of the balance alleged to be due upon the purchase price. There was further adjudication of the good faith of Chain in making substantial improvements upon the land, but in view of the award of title the extent thereof was not adjudicated.

We are of the opinion that there was no sufficient conveyance of the title by Culpepper, and that the prayer of the bill ought to have been denied. In view of the adjudication of good faith on the part of Chain in occupying and improving the land, the cause is reversed and remanded for such further proceedings as appellee may be advised is requisite to adjust the mutual accounts involving value of improvements and mesne rents, as to which we make no adjudication.

Reversed and remanded.