SAULSBERRY, et al. *v.* SAULSBERRY, et ux.

No. 39533 March 28, 1955 78 So. 2d 758

R. F. B. *Logan,* Hernando; *James Stone & Sons,* Oxford, for appellants.

*Judge Edgar Webster, L. W. Harrison,* Memphis, Tennessee, for appellee.

GILLESPIE, J.

In this case the principal question is whether the averments of the second amended bill of complaint are sufficient to raise a constructive trust.

Briefly stated, the facts alleged are: Mose Saulsberry made a will in 1939. Complainants were devised certain lands under the will, and, with another not joining in this suit, were residuary legatees under the will. On October 18, 1952, Mose Saulsberry conveyed to Johnie Saulsberry and his wife, Lizzie, 170 acres of land for a recited consideration of $3,150, and other good and valuable considerations, receipt of which was acknowledged. Mose's wife, who survives, did not join in the suit, but joined Mose in executing the deed. Mose Saulsberry died January 31, 1953. Johnie Saulsberry and wife, Lizzie, on October 18, 1952, executed a deed of trust in favor of the Federal Land Bank, which said deed of trust secured a debt of $3,315.00, and embraced the 170 acres of land. The oral agreement between

Mose and Johnie as to the conveying of the land was that Mose would give Johnie 40 acres of land, and Johnie would give Mose a deed of trust for $11,700.00, being $90.00 per acre for the remaining 130 acres. Johnie Saulsberry was taken into the home of Mose and brought up as a son; he lived in the home of Mose for some twenty years and during this time helped Mose about the farm and generally handled business for Mose; that the relation between Johnie and Mose was that of father and son and was a confidential relation in that Mose relied upon Johnie to transact business for him, and Mose confided in and relied upon Johnie regarding business; that by virtue of such confidential relationship, Johnie persuaded Mose to execute the said deed and make delivery thereof; that at the time of the execution and delivery of the deed, Johnie promised to execute and deliver to Mose a deed of trust securing the purchase price of the said lands in the amount of $11,700.00, and that said promise on the part of Johnie was false at the time it was made and Johnie never intended to fulfill the promise so made; that Mose relied upon such false promise because of the confidential relationship existing between them; that at the time Mose executed the deed he was sick and old and had been ailing for several years. The deed of trust to Mose was never executed. The bill charged that complainants did not know whether the recited consideration of $3,150.00 was ever paid, and demanded strict proof thereof.

The bill charged that these facts raise a trust by implication of law by reason of (1) the fraud of Johnie Saulsberry in gaining an advantage of Mose Saulsberry in promising to execute the deed of trust to secure the purchase price when such promise was false when it was made; and (2) because there was a confidential relationship between Mose and Johnie, and Mose executed the deed in reliance upon the false promises of Johnie, who gained an advantage thereby; and (3) that it would unjustly enrich Johnie to allow him to retain the proper-

ty acquired under said deed without executing the deed of trust securing the purchase price. The prayer was that the land be declared as being held in trust for the benefit of the estate of Mose Saulsberry, subject to the Federal Land Bank deed of trust, until Johnie and his wife execute a deed of trust for the said purchase price, the fixing of a lien on the land for the purchase price, and for general relief.

A constructive trust is one that arises by operation of law against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, to hold and enjoy. 54 Am. Jur., Trusts, Sec. 218. A constructive trust is an appropriate remedy against unjust enrichment. Ibid., Sec. 219. The mere failure to perform an agreement does not raise a constructive trust, but a breach of an agreement or promise may, in connection with other circumstances, give rise to such a trust. A distinction exists between the breach of a promise not fraudulently made and the breach of a promise made with no intention of performing it. Ibid., Sec. 221.

''While a confidential or fiduciary relationship does not in itself give rise to a constructive trust, an abuse of confidence rendering the acquisition or retention of property by one person unconscionable against another suffices generally to ground equitable relief in the form of the declaration and enforcement of a constructive trust, and the courts are careful not to limit the rule or the scope of its application by a narrow definition of fiduciary or confidential relationships protected by it. An abuse of confidence within the rule may be an abuse of either a technical fiduciary relationship or of an informal relationship where one person trusts in and relies upon another, whether the relation is a moral, so-

cial, domestic, or merely personal one. The origin of the confidence reposed is immaterial. A confidential relationship within the rule need involve neither a promise for the benefit of another nor an express fiduciary relationship." 54 Am. Jur., Trusts, Sec. 225.

As to whether the averments of the second amended bill are sufficient to charge fraud and abuse of a confidential relationship, we think the case of Hickey v. Anderson, et al., 210 Miss. 455, 49 So. 2d 713, is persuasive. That case involved the validity of a deed, but is pertinent here on the question of sufficiency of the averments of the bill. There we said: ''Fraud and undue influence, which is a type of fraud, are usually evidenced only by circumstantial facts, and a wide range of inquiry thereon is permitted. Woodville v. Pizzati, 1919, 119 Miss. 442, 81 So. 127; Curry v. Lucas, 181 Miss. 720, 180 So. 397 . . . Where a confidential relationship is shown to exist between parties to the deed, and where the grantee, who is the beneficiary, is the dominant spirit in the transaction, the law raises a presumption of undue influence, or, as is sometimes said, a deed is prima facie voidable in such cases. Under such circumstances the burden or duty of repelling or rebutting such a presumption is cast upon the grantee. 16 Am. Jur., Deeds, Sections 392-395, 402; 26 C. J. S., Deeds, Sections 193, 58; Watkins v. Martin, 1933, 167 Miss. 343, 147 So. 652; Lindeman's Estate v. Herbert, 1940, 188 Miss. 842, 193 So. 790; Ham v. Ham, 1926, 146 Miss. 161, 110 So. 583; Bourn v. Bourn, 1932, 163 Miss. 71, 140 So. 518; Griffith, Miss. Chancery Practice (2d ed. 1950), Section 589.

''Under these circumstances the trial court should have required appellees to put on their proof, and should have decided the case in the light of all available evidence. Equity favors 'the fullest available development of the facts of a contested case.' Griffith, Ibid., Section 584.''

This court has had before it many cases where a trust by operation of law was declared and enforced.

Anding, et al. v. Davis, et al. (1860), 38 Miss. 574, 77 Am. Dec. 658; Thomas, et al. v. Thomas (1885), 62 Miss. 531; Tanous, et al. v. White, et al. (1939), 186 Miss. 556, 191 So. 278; Sample, et al. v. Romine (1942), 193 Miss. 706, 8 So. 2d 257; Shepherd, et ux v. Johnston (1947), 201 Miss. 99, 28 So. 2d 661; Triplett, et al. v. Bridgforth, et al. (1949), 205 Miss. 328, 38 So. 2d 756; Adcock, et al. v. Merchants & Mfrs. Bank of Ellisville (1949), 207 Miss. 448, 42 So. 2d 427; Chichester v. Chichester (1950), Miss., 48 So. 2d 123; Coleman, et al. v. Kierbow (1951), 212 Miss. 541, 54 So. 2d 915; Pitchford v. Howard (1950), 208 Miss. 567, 45 So. 2d 142.

 █ Summed up, the bill avers that Johnie Saulsberry made the oral promise to execute the note and deed of trust to secure the purchase price of the land and had no intention at the time of making that promise of performing it; a confidential relationship existed between Mose Saulsberry and Johnie Saulsberry; Johnie secured an advantage by Mose's reliance upon the representations made by Johnie; that this resulted in unjust enrichment of Johnie. Considering all charges together, the bill made out a case of constructive trust. The demurrer should have been overruled.

 █ The lower court sustained the plea in bar, holding that Sec. 264(c) and Sec. 269 of the Mississippi Code of 1942 bars this action. Among our own authorities, the case of Shepherd, et ux v. Johnston, supra, is authority for appellants' position that the lower court was in error. This is not a suit predicated upon an alleged oral contract between Mose Saulsberry and Johnie Saulsberry for the purchase of land, but one to enforce a trust arising by implication of law, therefore, Sec. 264(c) does not apply. Sec. 269 does not apply because that statute expressly provides, ''where any trust shall arise or result by implication of law, out of a conveyance of land, such trust shall be of like force and effect the same as if it would have been if this statute had not been passed.''

██ █ The complainants are not heirs at law of Mose Saulsberry, and it is contended that they have no standing in court; that the administrator with the will annexed of the estate of Mose Saulsberry should have brought the suit. No question was raised in the demurrer on the question of proper parties and we specifically pretermit decision on that question.

██ █ There can be no doubt that the administrator was the proper party to bring the suit. Griffith's Chancery Practice, Sec. 131. The complainant requested that the administrator of the estate of Mose Saulsberry be made a party to the suit. No action was taken on this request. While this question is not properly before us and is not decided, it seems that if the administrator declines to prosecute the suit, he should be made a defendant so that any recovery could be received by him for disposition according to the will of Mose Saulsberry.

██ █ It is also contended by appellees that no fraud is charged against Lizzie Saulsberry, the wife of Johnie Saulsberry, in whom is vested an undivided interest in the 170 acres of land. Johnie was the procurer of the deed and the fact that he placed an undividied one-half interest in his wife, does not place her undivided one-half beyond the reach of a constructive trust insofar as shown by the record. For the reason stated, the case is reversed and remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.