SUMMER, et al. *v.* SUMMER, et al.

No. 39665          May 9, 1955          80 So. 2d 35

274

*Clarence R. Scales, Swep S. Taylor, Jr.,* Jackson, for appellants.

*Fulton Thompson,* Jackson, for appellees.

HOLMES, J.

The appellants, as heirs at law of Albion F. Summer, deceased, filed their original bill in chancery against the appellees, asserting title to an interest in certain real property in the City of Jackson, particularly described in the bill, and seeking to cancel as clouds upon their asserted title two instruments of writing, namely, a deed dated March 20, 1946, purporting to be a conveyance of the aforesaid property by Albion F. Summer to the appellee, Mrs. Irene Summer, and an instrument of writing dated January 26, 1944, purporting to be the last will and testament of the said Albion F. Summer, and containing a devise of the aforesaid property to the said Mrs. Irene Summer.

The appellants assail the validity of said instruments upon the alleged grounds of mental incapacity, undue influence, and fraud in the procurement thereof arising out of a confidential relationship existing between the said Mrs. Irene Summer and Albion F. Summer, resulting in the creation of a constructive trust whereby the said Mrs. Irene Summer should be adjudged to hold said prop-

erty for the benefit of the heirs at law of the said Albion F. Summer.

The appellees filed separate answers to the original bill, denying the material allegations thereof. A jury to try the issue devisavit vel non was waived, and by agreement of the parties the entire cause was tried before the chancellor. Upon the conclusion of the evidence for the complainants, the defendants moved the court to dismiss the original bill because of the insufficiency of the evidence to sustain the allegations thereof. The chancellor sustained the motion and dismissed the bill and from this action of the chancellor the appellants prosecute this appeal.

The proof is wholly insufficient to show the mental incapacity of the said Albion F. Summer at the time of the execution of the aforesaid instruments, or that they were procured as a result of undue influence exerted by Mrs. Irene Summer, and the appellants do not argue to the contrary.

The appellants contend, however, that the facts and circumstances are such as to show the creation of a constructive trust whereby the said Mrs. Irene Summer should be adjudged in equity to hold the property in question for the benefit of the legal heirs of Albion F. Summer, deceased, among whom are the appellants. In order to maintain this contention, the burden rested upon the appellants to establish by proof the facts and circumstances giving rise to a constructive trust with an extraordinary degree of certainty and clarity. Stovall, et al. v. Stovall, 218 Miss. 364, 67 So. 2d 391.

"A constructive trust, or, as it frequently is called, a trust ex maleficio, ex delicto, a trust de son tort, or an involuntary or implied trust is a trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way

against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.'' 54 Am. Jur., Trusts, Sec. 218; Stovall, et al. v. Stovall, supra; Saulsberry v. Saulsberry, 78 So. 2d 758.

In 54 Am. Jur., Trusts, Sec. 242, quoted with approval in Stovall, et al. v. Stovall, supra, we find the following: ''The general rule is that a constructive trust arises where an heir, devisee, or legatee violates a promise to the testator, expressly made or inferable from words or conduct, to hold an inheritance, devise, or legacy for another or to give it to another, upon which the testator relied in the making or changing his will in order to favor such other person . . . ''

There is no proof whatever that the conveyance of the property to Mrs. Irene Summer was made at her suggestion or request, or that she in any manner induced it, or that it was made by the grantor with any understanding, express or implied, that the grantee would hold the property for the benefit of the heirs, nor is there proof that Mrs. Irene Summer, the grantee in the deed, by any act, word, or deed, expressly or impliedly, led the **grantor to believe that she would hold the property** under the deed for the benefit of the heirs of the grantor. Neither is there proof that Mrs. Irene Summer was guilty of any fraud, actual or constructive, or of any abuse of confidence, in the procurement of the deed, or that she procured the conveyance of the property to her by commission of any wrong or by any form of unconscionable conduct, artifice, concealment, or questionable means.

It is argued by the appellants, however, that fraud should be presumed under the facts and circumstances of this case because of a confidential relationship existing between her and the grantor in the deed. It is not necessary for us to decide whether such relationship existed. The mere existence of the relationship is not enough. It is the relationship plus the abuse of the confidence imposed that authorizes a court of equity to con-

struct a trust for the benefit of the party whose confidence has been abused.

"While the fiduciary relationship is a prerequisite to a constructive trust such as we are here considering, yet the trust does not arise until the relationship has been betrayed or violated. It is the confidential relationship plus the abuse of the confidence thus imposed, that authorizes equity to construct a trust for the benefit of the party whose confidence has been abused." Renshaw v. Tracy Loan and Trust Company (Utah), 100 A. L. R. 872.

We find no proof in this record that Mrs. Irene Summer was guilty of any abuse of confidence, if such was imposed, in her relationship with the grantor in the deed. We are accordingly of the opinion that the decree of the chancellor was correct and it is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.