## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-IA-01751-SCT

*UNION NATIONAL LIFE INSURANCE COMPANY;*
*UNITED INSURANCE COMPANY OF AMERICA;*
*UNION NATIONAL FIRE INSURANCE COMPANY;*
*ROLAND STEWART;*
*EUGENE THOMAS ("PETE") FURLINE;*
*AND CHARLES STEWART*

*v.*

*JACQUELINE CROSBY;*
*PEARLIE HENDRICKS;*
*DAVID HENDRICKS, JR.;*
*CALVIN LAWRENCE;*
*JOHNNIE M. OWENS;*
*KANDICE OWENS;*
*MINNIE OWENS;*
*MARY TURNER; AND*
*SHANNON S. WALLACE*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/7/2002 |
| TRIAL JUDGE: | HON. J. LARRY BUFFINGTON |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | SAMUEL ERNEST LINTON ANDERSON |
| | ARTHUR F. JERNIGAN |
| | STACI BOZANT O'NEAL |
| | WILLIAM C. BRABEC |
| | CHARLES E. GRIFFIN |
| | JOHN M. DEAKLE |
| | R. CHRISTOPHER WOOD |
| ATTORNEYS FOR APPELLEES: | SUBRINA LATREACE COOPER |
| | JANET L. SIMS |
| | GUTHRIE T. ABBOTT |
| | JOHN MICHAEL SIMS |
| | CRYMES G. PITTMAN |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 02/12/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PITTMAN, C.J., WALLER, P.J., AND CARLSON, J.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Jacqueline Crosby and over 350 other plaintiffs ("Crosby") filed suit against Union National Life Insurance Company, United Insurance Company of American, Union National Fire Insurance Company, and their agents Roland Stewart, Eugene Thomas Furline, and Charles Stewart ("Union National"), from whom they had purchased fire, life and/or accident health insurance policies.  The suit was filed in the Chancery Court of Covington County, and the chancellor denied Union National's motion to transfer to circuit court. We granted Union National permission to bring this interlocutory appeal. *See* M.R.A.P. 5. We find that the suit sounds in tort and contract law instead of equity as Crosby contends, and that the chancellor erred when he denied the motion to transfer.

## STANDARD OF REVIEW

¶2.     The standard of review for a ruling on a motion to transfer from chancery court to circuit court, or from circuit court to chancery court, is de novo. ***Briggs & Stratton Corp. v. Smith***, 854 So. 2d 1045, 1048 (Miss. 2003) (citing ***United States Fid. & Guar. Co. v. Estate of Francis***, 825 So. 2d 38, 43-44 (Miss. 2002)).  Jurisdiction is a question of law, and the Court review questions of law de novo. ***Briggs & Stratton Corp.***, 854 So. 2d at 1048; ***Saliba v. Saliba***, 753 So. 2d 1095, 1098 (Miss. 2000); ***Entergy Miss., Inc. v. Burdette Gin Co.***, 726 So. 2d 1202, 1204-05 (Miss. 1998).

**DISCUSSION**

¶3.     The complaint, which is entitled "Complaint for Injunction, Accounting and Related Relief," states

as follows:

> 29.     This is an action seeking redress for a fraudulent scheme and course of conduct involving deceptive sales practices, unconscionable conduct, overreaching, fraud and deception by the Insurance Defendants relating to the training of their agents; the marketing, sales, and administration of its policies by the Insurance Defendants and by the employees including the Agent Defendants, who wilfully, knowingly, and intentionally participated directly in the tortious acts complained of herein.

Crosby raises the following claims:  fraud, fraudulent inducement, breach of duty of good faith and fair

dealing, tortious breach of contract, breach of fiduciary duty, assumpsit, unjust enrichment, negligence,

gross negligence, multiple violations of the Mississippi Consumer Protection Act, and conversion.  Crosby

requests relief in the following forms: constructive trust,[1] accounting,[2] injunctive relief, actual damages and

punitive damages.

---

[1]A constructive trust is one that arises by operation of law against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. *In re Estate of Davidson v. Davidson*, 667 So. 2d 616, 620 (Miss. 1995) (quoting *Saulsberry v. Saulsberry* , 223 Miss. 684, 690, 78 So. 2d 758, 760 (1955)).

[2]An accounting is by definition a detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation.  It is a statement in writing of debts and credits or of receipts and payments.  Thus an accounting is an act or a system of making up or settling accounts, consisting of a statement of the account with debits and credits arising from the relationship of the parties.  Black's Law Dictionary 34-36 (4th ed. 1957).

An accounting "implies that one is responsible to another for moneys or other things, either on the score of contract or of some fiduciary relation, of a public or private nature, created by law, or otherwise." *Miller v. Henry*, 139 Miss. 651, 665, 103 So. 203, 204 (1925).

¶4. The Mississippi Constitution of 1890 limits the jurisdiction of the chancery court to certain specified areas. Specifically, Article 6, § 159 of the Mississippi Constitution provides that:

> The chancery court shall have full jurisdiction in the following matters and cases, viz.:
>
> (a)  All matters in equity;
>
> (b)  Divorce and alimony;
>
> (c)  Matters testamentary and of administration;
>
> (d)  Minor's business;
>
> (e)  Cases of idiocy, lunacy, and persons of unsound mind;
>
> (f)  All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.

Article 6, § 162 of the Mississippi Constitution further provides that "[a]ll causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court."

A.  Fraud and fraudulent inducement.

¶5. Crosby alleges that Union National "targeted low income, unsophisticated, and uneducated segments of the population and developed insurance products for sale to these consumers," that "[t]he [p]olicies were intentionally designed by [Union National] to create the illusion that they would provide valuable yet affordable benefits," when in fact "the premiums charged by [Union National] were exorbitant in relation to the minimal death benefits actually afforded to [Crosby] and the risks caused to [Union National]." Crosby also alleges that the unit premium charges were "expensive," the death benefits were "minimal" and "non-increasing," and the cash value did not "accrue significant[ly]." Finally, she contends that the insureds were "required to continue making premium payments after the premiums exceed[ed] the

4

face value of the [p]olicies or face losing all of their paid premiums without receiving any meaningful corresponding cash value or death benefits."

¶6.     Crosby seeks actual damages in the amount of the excess premium payments plus accrued interest, funds lost because of wrongful lapse, the sale of worthless policies, and "outright misappropriation of funds," and emotional distress.  She also seeks punitive damages for Union National's alleged "willful malicious, intentional misconduct."

¶7.     Crosby's assertion of chancery court jurisdiction as to her claims of fraud and fraudulent inducement fails:  "Although acts of fraud may give rise to actions in equity, it is apparent that [Crosby] seek[s] a legal, rather than an equitable remedy. . . .  Specifically, [Crosby's] complaint seeks . . . actual damages and . . . punitive damages, and this remedy is clearly legal rather than equitable in nature."  ***Southern Leisure Homes, Inc. v. Hardin***, 742 So. 2d 1088, 1090 (Miss. 1999).

¶8.     Crosby also seeks an "accounting of all funds which were the subject of overcharging, miscollection, misappropriation, or unconscionably charged and collected" by Union National.  This request for an accounting should be viewed as "a mere disguise for what really could be accomplished through discovery." ***Briggs & Stratton Corp. v. Smith***, 854 So. 2d 1045, 1049 (Miss. 2003).  Indeed, all of this information may be obtained through discovery in circuit court.  ***City of Ridgeland v. Fowler***, 846 So. 2d 210, 214 (Miss. 2003).

        B.      Breach of duty of good faith and fair dealing.

¶9.     The duty of good faith and fair dealing arises from the existence of a contract between parties. ***American Bankers' Ins. Co. of Fla. v. Wells***, 819 So.2d 1196, 1207 (Miss. 2001); *see also Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992).  There is no question that any issue relating to good faith and fair dealing should be heard in circuit court.

5

C. Tortious breach of contract.

¶10. Breach of contract claims are best heard in circuit court. *Southern Leisure*, 742 So. 2d at 1089. "[I]n cases in which some doubt exists as to whether a complaint is legal or equitable in nature, the better practice is to try the case in circuit court." *Id.*

D. Breach of fiduciary duty.

¶11. A claim of breach of fiduciary duty is "appropriately recognized as an action in tort, not contract." *Tyson v. Moore*, 613 So. 2d. 817, 823 (Miss. 1992). Regardless of whether it is a cause of action based in tort or in contract, it is impliedly *not* a matter to be decided by a court of equity.

E. Assumpsit.

¶12. "[W]here a party has paid money to another as the consideration for a contract and the contract so made is void and unenforceable, so that the consideration wholly fails, the payor may recover the money back in an action of assumpsit for money had and received." *Fuqua v. Joudon*, 172 Miss. 11, 158 So. 795 (1935) (citing *Milam v. Paxton*, 160 Miss. 562, 570, 134 So. 171 (1931). The action of assumpsit is based in equity. *Fuqua*, 158 So. at 795.

¶13. However, an action of assumpsit lies *only after* consideration fails and the contract is void and unenforceable. *Id.* Because the contract herein has not been voided, Crosby's claim for assumpsit is not ripe.

F. Unjust enrichment and constructive trust.

¶14. Unjust enrichment is an equitable claim:

> Money paid to another by mistake of fact, although such mistake may have been caused by payor's negligence, may be recovered from the person to whom it was paid, in an action for money had and received. The ground on which recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense

of the party who paid the money to him by retaining it, but in equity and good conscience should refund it. In order that this rule may apply, the party to whom the payment mistake was made must be left in the same situation after he refunds it as he would have been left had the payment to him not been made.

*Mason v. Southern Mortg. Co.*, 828 So. 2d 735, 739 (Miss. 2000); *see also Milliken & Michaels, Inc. v. Fred Netterville Lumber Co.*, 676 So. 2d 266, 269 (Miss. 1996); *Bessler Movable Stairway Co. v. Bank of Leakesville*, 140 Miss. 537, 106 So. 445 (1925).

¶15. "A constructive trust is a fiction of equity created for the purpose of preventing unjust enrichment by one who holds legal title to property which, under principles of justice and fairness, rightfully belongs to another." *McNeil v. Hester*, 753 So. 2d 1057, 1064 (Miss. 2000). *See also Allgood v. Allgood*, 473 So. 2d 416 (Miss. 1985); *Russell v. Douglas*, 243 Miss. 497, 138 So. 2d 730 (1962). A constructive trust is:

one that arises by operation of law against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.

*McNeil*, 753 So. 2d at 1064; *see also Saulsberry v. Saulsberry*, 223 Miss. 684, 690, 78 So. 2d 758, 760 (1955); *Alvarez v. Coleman*, 642 So. 2d 361, 367 (Miss. 1994); *Planters Bank & Trust Co. v. Sklar*, 555 So. 2d 1024, 1034 (Miss. 1990); *Sojourner v. Sojourner*, 247 Miss. 342, 153 So. 2d 803, 807 (1963).

¶16. Even though unjust enrichment and constructive trust are claims based in equity, to recover under either of these theories, Crosby must first show that the contract is void and/or that Union National breached the contract. Therefore, these claims are properly heard in circuit court.

G. Negligence and gross negligence.

¶17. "An essential part of the claim in . . . tort case is to demonstrate, not only the extent of the injury, but that the negligence of the defendant was the proximate cause of the injury." *Busick v. St. John*, 856 So.2d 304, 307 (Miss. 2003). It is clear that negligence claims are, *in esse*, tort claims and tort claims are heard in circuit court.

H. Violations of the Mississippi Consumer Protection Act.

¶18. Suit may be brought in the circuit court for violations of the Mississippi Consumer Protection Act. *See, e.g., Parkerson v. Smith*, 817 So. 2d 529 (Miss. 2002).

I. Conversion.

¶19. Conversion, which requires an intent to exercise dominion or control over goods which is inconsistent with the true owner's rights, is an intentional tort. *West v. Combs*, 642 So. 2d 917, 921 (Miss. 1994); *Walker v. Brown*, 501 So. 2d 358, 361 (Miss. 1987). Tort claims are heard in circuit court.

J. Injunctive relief.

¶20. While it is true that Rule 65(e) of the Mississippi Rules of Civil Procedure provides that the previously bestowed injunctive powers of the circuit and chancery courts are unchanged by Rule 65, "[i]t is a historical fact that the basis for equity jurisdiction of a suit for an injunction is the inadequacy of a remedy in circuit court." *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1227 (Miss. 1990) (Hawkins, P.J., dissenting) (citing Griffith, Chancery Practice, § 434; *Bus Lines, Inc. v. Ass'n. St. E.R.*, 205 Miss. 354, 374, 38 So. 2d 765, 768 (1949). Crosby has not shown that a circuit court cannot grant the injunctive relief she seeks.

K. Right of trial by jury.

¶21. The Mississippi Constitution, Article 3, § 31 provides in part that the "right of trial by jury shall remain inviolate," and it is apparent that Union National's right to a jury trial would be infringed upon if this case were heard in chancery court. *Southern Leisure*, 742 So. 2d at 1090. In "[c]hancery court, with some few statutory exceptions, the right to jury is purely within the discretion of the chancellor, and if one is empaneled, its findings are totally advisory." *Louisville & Nashville R.R. v. Hasty*, 360 So. 2d 925, 927 (Miss. 1978) (quoting *McLean v. Green*, 352 So. 2d 1312, 1314 (Miss. 1977)).

¶22. The public policy in favor of a plaintiff being able to choose his or her forum does not outweigh Union National's constitutional right to a jury trial.

¶23. A realistic and pragmatic review of the complaint leads us to the conclusion that this is a lawsuit that should be in circuit court, not chancery court.

¶24. "[I]t is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction." *Southern Leisure*, 742 So. 2d at 1090 (quoting *McDonald's Corp. v. Robinson Indus., Inc.*, 592 So. 2d 927, 9034 (Miss. 1991)).

¶25. The record clearly shows that each and every one of Crosby's claims, even the equitable claims of unjust enrichment and constructive trust, arise from the sale and alleged breach of an insurance contract. Crosby contends that the complaint does not arise from the sale and alleged breach of an insurance contract; rather, she claims that the complaint arises from the sales, administration and service of the insurance contract. This argument ignores the fact that, unless there was a contractual relationship between Union National and Crosby, she would have *no* claims arising from the sales, administration and service of the insurance policy. Rights and duties arising from an insurance policy are construed according to the laws of contract. *Miss. Farm Bureau Cas. Ins. Co. v. Britt*, 826 So. 2d 1261, 1265-66 (Miss.

2002). The alleged mismanagement and misappropriation of premium money concerns Crosby's contractual duty to pay for the insurance policy and Union National to provide her coverage.

## CONCLUSION

¶26.    Since Crosby's complaint sounds in tort and contract, we find that the chancellor erred in denying Union National's motion to transfer to circuit court. Therefore, we reverse the chancery court's order and remand to the Chancery Court of Covington County with instructions to transfer this case to the Circuit Court of Covington County.

¶27.    **REVERSED AND REMANDED.**

**PITTMAN, C.J., SMITH, P.J., COBB, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**